IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
File No. 5:09-CV-00352-F

| | |
|---|---|
| THE NEIGHBORS LAW FIRM, P.C. and PATRICK E. NEIGHBORS,<br><br>  Plaintiffs,<br><br>vs.<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P., and HYSKY COMMUNICATIONS, LLC,<br><br>  Defendants. | ANSWER OF DEFENDANT HIGHLAND CAPITAL MANAGEMENT, L.P. |

Defendant Highland Capital Management, L.P. ("Highland") hereby answers the Complaint filed by Plaintiffs The Neighbors Law Firm, P.C. and Patrick E. Neighbors (the "Complaint") as follows:

**FIRST AFFIRMATIVE DEFENSE**

Some or all of the Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for fraud is barred due to Plaintiffs' failure to plead fraud with specificity.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for attorneys' fees and/or costs.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Highland did not act with malice or willful intent to injure.

## SEVENTH AFFIRMATIVE DEFENSE

Highland states that it has acted at all times in good faith and specifically denies that it has engaged in any wrongful or illegal action that allegedly caused damage to Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

Highland breached no duty owed to Plaintiffs, whether in tort, contract or in state or federal statutes and/or regulations, and Plaintiffs' claims against Highland are thus barred.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Statute of Frauds.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, due to a lack of meeting of the minds.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, due to lack of adequate consideration.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of risk.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred due to Plaintiffs' failure to make reasonable efforts to advise Highland of the existence of the North Carolina State Bar's fee dispute resolution program at least 30 days prior to initiating legal proceedings to collect a disputed fee, as required by Rule 1.5(f) of the North Carolina Rules of Professional Conduct.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for punitive damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

Imposition of punitive or exemplary damages in this case would be violative of and impermissible under the Constitution of the State of North Carolina and the United States Constitution, and would violate Highland's due process rights.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and/or consent.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Highland are barred, in whole or in part, because Plaintiffs performed no services for the benefit of Highland.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Highland are barred, in whole or in part, due to lack of privity.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Highland are barred, in whole or in part, because Highland and HySky are distinct and separate corporate entities.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Answering the individually numbered paragraphs of the Complaint, Highland responds as follows:

1. Highland lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

2. Highland lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint.

3. Admitted.

4. Admitted.

5. Highland denies the allegations set forth in Paragraph 5 of the Complaint.

6. Highland denies the allegations set forth in the first sentence of Paragraph 6 of the Complaint. Highland admits the allegations set forth in the second sentence of Paragraph 6 of the Complaint. Highland lacks sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 6 of the Complaint.

7. Highland denies that "Plaintiffs contractually performed due diligence and other legal services" for Highland "over a thirteen month period, from December 1, 2006 to December 31, 2007." Further responding, Highland admits that the Option was executed on or about December 10, 2007. Highland denies the remaining allegations set forth in Paragraph 7 of the Complaint.

8. Highland denies the allegations set forth in Paragraph 8 of the Complaint.

9. Highland admits the allegations set forth in the first sentence of Paragraph 9. Further responding, Highland admits that HySky's officers resigned in or about November 2008. Highland further admits that Plaintiffs demanded payment from HySky of $84,000 on or about

November 20, 2008, which allegedly represented unpaid legal charges incurred between December 1, 2006 and September 30, 2007. Highland denies the remaining allegations set forth in Paragraph 9 of the Complaint.

10. Highland lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 10 of the Complaint. Further responding, Highland admits that Plaintiffs made a demand on or about February 4, 2009 for payment of legal services allegedly rendered by Plaintiffs on behalf of HySky. Highland denies the remaining allegations set forth in Paragraph 10 of the Complaint.

11. Highland admits that Plaintiffs raised the issue of allegedly unpaid legal fees at a meeting of the Board of Managers of HySky on or about February 5, 2009. Highland further admits that HySky requested that Plaintiffs submit substantiation of the hours worked within thirty (30) days of February 5, 2009. Highland denies that Plaintiffs submitted adequate substantiation of the hours worked, either within thirty days of February 5, 2009, or on any date prior to the filing of this Answer.

12. Highland denies that HySky failed to respond to Plaintiffs' demands in February and March 2009 for payment of the alleged unpaid legal fees. Highland admits that HySky's relationship with Plaintiffs terminated on or about April 1, 2009. Highland denies any remaining allegations set forth in Paragraph 12 of the Complaint.

13. Highland admits that in or about April 2009, HySky denied Plaintiffs' demand for payment of legal services allegedly rendered. Highland denies any remaining allegations set forth in Paragraph 13 of the Complaint.

14. Highland admits that it has not acceded to Plaintiffs' demand for payment of $3,300.95 for costs allegedly incurred by Plaintiffs between January 1, 2008 to December 31,

2008, but denies that it is "contractually obligated to remit" such amount to Plaintiffs. Highland further admits that, in or about March 2009, HySky offered to make a payment of $3,300.95 to Plaintiffs in exchange for a release of all claims that Plaintiffs purport to possess or assert against HySky. Highland denies the remaining allegations set forth in Paragraph 14 of the Complaint.

15. Highland denies the allegations set forth in Paragraph 15 of the Complaint.

16. Highland denies the allegations set forth in Paragraph 16 of the Complaint.

**FIRST CAUSE OF ACTION**

17. Highland incorporates its responses to Paragraphs 1 through 16 of the Complaint as if set forth fully herein.

18. Highland denies the allegations set forth in Paragraph 18 of the Complaint.

**SECOND CAUSE OF ACTION**

19. Highland incorporates its responses to Paragraphs 1 through 18 of the Complaint as if set forth fully herein.

20. Highland denies the allegations set forth in Paragraph 20 of the Complaint.

**THIRD CAUSE OF ACTION**

21. Highland incorporates its responses to Paragraphs 1 through 20 of the Complaint as if set forth fully herein.

22. Highland denies the allegations set forth in Paragraph 22 of the Complaint.

**FOURTH CAUSE OF ACTION**

23. Highland incorporates its responses to Paragraphs 1 through 22 of the Complaint as if set forth fully herein.

24. Highland denies the allegations set forth in Paragraph 24 of the Complaint.

## FIFTH CAUSE OF ACTION

25. Highland incorporates its responses to Paragraphs 1 through 24 of the Complaint as if set forth fully herein.

26. Highland denies the allegations set forth in Paragraph 26 of the Complaint.

## SIXTH CAUSE OF ACTION

27. Highland incorporates its responses to Paragraphs 1 through 26 of the Complaint as if set forth fully herein.

28. Highland denies the allegations set forth in Paragraph 28 of the Complaint.

## SEVENTH CAUSE OF ACTION

29. Highland incorporates its responses to Paragraphs 1 through 28 of the Complaint as if set forth fully herein.

30. Highland denies the allegations set forth in Paragraph 30 of the Complaint. Highland denies any allegations not specifically admitted herein.

WHEREFORE, having answered, Highland requests that the Court:

(1) Dismiss Plaintiffsø Complaint with prejudice;

(2) Deny the relief sought by Plaintiffs;

(3) Enter judgment in favor of Highland and against Plaintiffs on all claims in the Complaint;

(4) Award Highland its expenses of litigation, including reasonable attorneysø fees and costs; and

(5) Grant such other and further relief as the Court deems just and proper.

This the 7th day of August, 2009.

    /s/ F. Hill Allen_____
F. Hill Allen
NC State Bar No. 18884
THARRINGTON SMITH, LLP
209 Fayetteville Street
P.O. Box 1151
Raleigh, North Carolina 27602
Phone: (919) 821-4711
Facsimile: (919) 829-1583
Email: hallen@tsmithlaw.com

*Counsel for Defendant*
*Highland Capital Management, L.P.*

| | |
|---|---|
| THE NEIGHBORS LAW FIRM, P.C. ) <br> and PATRICK E. NEIGHBORS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> HIGHLAND CAPITAL MANAGEMENT, L.P., ) <br> and HYSKY COMMUNICATIONS, LLC, ) <br> ) <br> Defendants. ) <br> ) | File No.: 5:09-CV-00352-F |

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2009, I electronically filed the foregoing **ANSWER OF DEFENDANT HIGHLAND CAPITAL MANAGEMENT, L.P.** with the Clerk of the Court using the CM/ECF system and a copy was served upon counsel of record by United States Mail addressed to the following:

        Patrick E. Neighbors, Esq.
        The Neighbors Law Firm, P.C.
        2500 Regency Parkway
        Cary, NC 27518

        Barney Stewart III
        Bryan Cave LLP
        One Wachovia Center
        301 S. College Street, Suite 3700
        Charlotte, NC 27202

        /s/ F. Hill Allen_____
        F. Hill Allen
        N. C. State Bar No. 18884
        **THARRINGTON SMITH, L.L.P.**
        209 Fayetteville Street
        Post Office Box 1151
        Raleigh, North Carolina 27602
        Telephone: (919) 821-4711
        Facsimile: (919) 829-1583
        Email: hallen@tharringtonsmith.com