IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| THE NEIGHBORS LAW FIRM, P.C. and PATRICK E. NEIGHBORS, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>HIGHLAND CAPITAL MANAGEMENT, L.P., )<br>and HYSKY COMMUNICATIONS, LLC, )<br>)<br>Defendants. )<br>) | Civil Action File No.:<br>5:09-cv-00352 |

## ANSWER OF DEFENDANT HYSKY COMMUNICATIONS, LLC

COMES NOW HySky Communications, LLC ("HySky"), Defendant in the above-styled action, and hereby files its Answer to the Complaint filed by Plaintiffs The Neighbors Law Firm, P.C. and Patrick E. Neighbors (the "Complaint") as follows:

### FIRST AFFIRMATIVE DEFENSE

Some or all of the Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for fraud is barred due to Plaintiffs' failure to plead fraud with specificity.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for attorneys' fees and/or costs.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because HySky did not act with malice or willful intent to injure.

### SEVENTH AFFIRMATIVE DEFENSE

HySky states that it has acted at all times in good faith and specifically denies that it has engaged in any wrongful or illegal action that allegedly caused damage to Plaintiffs.

### EIGHTH AFFIRMATIVE DEFENSE

HySky breached no duty owed to Plaintiffs, whether in tort, contract or in state or federal statutes and/or regulations, and Plaintiffs' claims against HySky are thus barred.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Statute of Frauds.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, due to a lack of meeting of the minds.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, due to lack of adequate consideration.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of risk.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred due to Plaintiffs' failure to make reasonable efforts to advise HySky of the existence of the North Carolina State Bar's fee dispute resolution program at least 30 days prior to initiating legal proceedings to collect a disputed fee, as required by Rule 1.5(f) of the North Carolina Rules of Professional Conduct.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for punitive damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

Imposition of punitive or exemplary damages in this case would be violative and impermissible under the Constitution of the State of North Carolina and the United States Constitution, and would violate HySky's due process rights.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and/or consent.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Answering the individually numbered paragraphs of the Complaint, HySky responds as follows:

1.

HySky lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

2.

HySky lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint.

3.

Admitted.

4.

Admitted.

5.

HySky denies the allegations set forth in Paragraph 5 of the Complaint.

6.

HySky denies the allegations set forth in the first sentence of Paragraph 6 of the Complaint. HySky admits the allegations set forth in the second sentence of Paragraph 6 of the Complaint. HySky lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in Paragraph 6 of the Complaint.

7.

HySky denies that "Plaintiffs contractually performed due diligence and other legal services" for HySky "over a thirteen month period, from December 1, 2006 to December 31, 2007." HySky lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in Paragraph 7 of the Complaint.

8.

HySky denies the allegations set forth in Paragraph 8 of the Complaint.

9.

HySky admits the allegations set forth in the first sentence of Paragraph 9. Further responding, HySky admits that its officers resigned in or about November 2008. HySky further admits that Plaintiffs demanded payment from HySky of $84,000 on or about November 20, 2008, which allegedly represented unpaid legal charges incurred between December 1, 2006 and

September 30, 2007. HySky denies the remaining allegations set forth in Paragraph 9 of the Complaint.

10.

HySky lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 10 of the Complaint. Further responding, HySky admits that Plaintiffs made a demand on or about February 4, 2009 for payment of legal services allegedly rendered by Plaintiffs on behalf of HySky. HySky denies the remaining allegations set forth in Paragraph 10 of the Complaint.

11.

HySky admits that Plaintiffs raised the issue of allegedly unpaid legal fees at a meeting of the Board of Managers of HySky on or about February 5, 2009. HySky further admits that HySky requested that Plaintiffs submit substantiation of the hours worked with thirty (30) days of February 5, 2009. HySky denies that Plaintiffs submitted adequate substantiation of the hours worked, either within thirty days of February 5, 2009, or on any date prior to the filing of this Answer.

12.

HySky denies that it failed to respond to Plaintiffs' demands in February and March 2009 for payment of the alleged unpaid legal fees. HySky admits that its relationship with Plaintiffs terminated on or about April 1, 2009. HySky denies any remaining allegations set forth in Paragraph 12 of the Complaint.

13.

HySky admits that in or about April 2009, it denied Plaintiffs' demand for payment of legal services allegedly rendered. HySky denies any remaining allegations set forth in Paragraph 13 of the Complaint.

14.

HySky admits that it has not acceded to Plaintiffs' demand for payment of $3,300.95 for costs allegedly incurred by Plaintiffs between January 1, 2008 to December 31, 2008, but denies that it is "contractually obligated to remit" such amount to Plaintiffs. HySky further admits that, in or about March 2009, it offered to make a payment of $3,300.95 to Plaintiffs in exchange for a release of all claims that Plaintiffs purport to possess or assert against HySky. HySky denies the remaining allegations set forth in Paragraph 14 of the Complaint.

15.

HySky denies the allegations set forth in Paragraph 15 of the Complaint.

16.

HySky denies the allegations set forth in Paragraph 16 of the Complaint.

FIRST CAUSE OF ACTION

17.

HySky incorporates its responses to Paragraphs 1 through 16 of the Complaint as if set forth fully herein.

18.

HySky denies the allegations set forth in Paragraph 18 of the Complaint.

## SECOND CAUSE OF ACTION

19.

HySky incorporates its responses to Paragraphs 1 through 18 of the Complaint as if set forth fully herein.

20.

HySky denies the allegations set forth in Paragraph 20 of the Complaint.

## THIRD CAUSE OF ACTION

21.

HySky incorporates its responses to Paragraphs 1 through 20 of the Complaint as if set forth fully herein.

22.

HySky denies the allegations set forth in Paragraph 22 of the Complaint.

## FOURTH CAUSE OF ACTION

23.

HySky incorporates its responses to Paragraphs 1 through 22 of the Complaint as if set forth fully herein.

24.

HySky denies the allegations set forth in Paragraph 24 of the Complaint.

## FIFTH CAUSE OF ACTION

25.

HySky incorporates its responses to Paragraphs 1 through 24 of the Complaint as if set forth fully herein.

26.

HySky denies the allegations set forth in Paragraph 26 of the Complaint.

## SIXTH CAUSE OF ACTION

27.

HySky incorporates its responses to Paragraphs 1 through 26 of the Complaint as if set forth fully herein.

28.

HySky denies the allegations set forth in Paragraph 28 of the Complaint.

## SEVENTH CAUSE OF ACTION

29.

HySky incorporates its responses to Paragraphs 1 through 28 of the Complaint as if set forth fully herein.

30.

HySky denies the allegations set forth in Paragraph 30 of the Complaint.

HySky denies any allegations not specifically admitted herein.

WHEREFORE, having answered, HySky requests that the Court:

(1) Dismiss Plaintiffs' Complaint with prejudice;

(2) Deny the relief sought by Plaintiffs;

(3) Enter judgment in favor of HySky and against Plaintiffs on all claims in the Complaint;

(4) Award HySky its expenses of litigation, including reasonable attorneys' fees and costs; and

(5) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 10th day of August, 2009.

/s/ Barney Stewart III
Barney Stewart III
North Carolina Bar No. 4165
Bryan Cave LLP
One Wachovia Center
301 S. College Street, Suite 3700
Charlotte, NC 27202
Telephone: (704) 749-8965
Facsimile: (704) 749-9365

Of counsel:

Keith M. Aurzada
Bryan Cave LLP
JP Morgan Chase Tower
2200 Ross Avenue, Suite 3300
Dallas, TX 75201
Telephone: (214) 721-8041
Facsimile: (214) 220-6741

Eric P. Schroeder
Matthew J. Pearce
Bryan Cave LLP
One Atlantic Center, 14th Fl.
1201 W. Peachtree Street, N.W.
Atlanta, GA 30309
Telephone: (404) 572-6600
Facsimile: (404) 572-6999

Counsel for Defendant HySky
Communications, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| THE NEIGHBORS LAW FIRM, P.C. )<br>and PATRICK E. NEIGHBORS, )<br>)<br>    Plaintiffs, )<br>)<br>vs. )<br>)<br>HIGHLAND CAPITAL MANAGEMENT, L.P., )<br>and HYSKY COMMUNICATIONS, LLC, )<br>)<br>    Defendants. )<br>_____ ) | Civil Action File No.:<br>5:09-cv-00352 |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing ANSWER OF DEFENDANT HYSKY COMMUNICATIONS, LLC was served upon counsel of record via the Court's CM/ECF system.

This 10th day of August, 2009.

                                                          /s/ Barney Stewart III
                                                          Barney Stewart III