THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5: 09 -CV- 00352 – F

| | |
|---|---|
| THE NEIGHBORS LAW FIRM, P.C., and PATRICK E. NEIGHBORS, as<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>HIGHLAND CAPITAL MANAGEMENT, LP and HYSKY COMMUNICATIONS, LLC,<br><br>　　　　　　Defendants. | **MOTION FOR SUMMARY JUDGMENT**<br>**FED. R. CIV. P. 56**<br><br>**WITH INCLUSIVE SUPPORTING MEMORANDUM** |

COME NOW Plaintiffs, and hereby move this Honorable Court, pursuant to Federal Rule of Civil Procedure (FRCP) 56, for Summary Judgment as to Defendant Highland Capital Management, LP (herein "Highland") on the issues of contractual liability, causation, and damages on Plaintiffs' Causes of Action First, Sixth, Eighth, and Ninth, as alleged in their initial Complaint and Amended Complaint, and further request entry of judgment, interest, fees, and costs pursuant to FRCP 54, 58, and 62.  In support of said motion, Plaintiffs show this Honorable Court the following:

**RELEVANT FACTS**

1. Plaintiffs filed this action in North Carolina State Court on June 30, 2009.

2.  On August 6, 2009, Defendants removed this action to this Honorable Court, citing diversity of citizenship.

3. As stated in the Complaint, Plaintiffs seek compensation for legal services rendered from December 1, 2006 to September 30, 2007, and further costs of representation.

4. Defendant HySky Communications, LLC (herein "HySky") was formed on November 17, 2006 as a "portfolio company" of Defendant Highland, with Highland and another Highland entity known as "Highland Crusader Offshore Partners, LP" as its members. Highland is an asset management company and registered investment adviser that manages over $27 billion in assets for a global institutional investor base (Exhibit 1).

5. Between November 17, 2006, and November 29, 2006, Plaintiffs were contacted by Mr. Niles Chura. During this time period, Mr. Chura was as an employee, a Portfolio Analyst, of Defendant Highland. (Exhibit 2, Para. 2).

6. Mr. Chura explained to Plaintiffs that Highland needed legal counsel to perform due diligence legal services for the anticipated purchase of a company known as Equitas, LLC ("Equitas"), by HySky, for the business purpose of antenna data transmission (Exhibit 2, Para. 3).

7. HySky had contracted with Equitas for an option to purchase the assets of Equitas subject to a satisfactory due diligence review.

8. Mr. Chura explained to Plaintiffs that other counsel had been considered to perform the legal services, but the counsel under consideration would have charged between $650 - $750 per billable hour for this detailed corporate work. As a basis of the bargain, Plaintiffs agreed with Mr. Chura to perform the services not only for an agreed upon rate of $350 per billable hour, but also as an additional benefit to Defendant Highland, per its request, to defer billing for legal services rendered during the due diligence period until December 10, 2007, after which point Plaintiffs would be compensated for their due diligence legal services (Exhibit 2, Para. 4).

After Mr. Chura and Plaintiffs agreed to these terms, Plaintiffs memorialized their engagement with Mr. Kevin Ciavarra, corporate counsel for Defendant Highland (Exhibit 3).

9. Plaintiffs contractually performed due diligence and other legal services for Highland over a thirteen month period, from December 1, 2006 to December 31, 2007 (Exhibit 2, Para. 5). In or about September, 2007, Plaintiffs informed Highland that it would be difficult to continue performing due diligence legal services with deferred billing. As such, Highland compensated Plaintiffs for due diligence legal services rendered during the months of October, November, and December, 2007. (Exhibit 2, Para. 5).

10. However, at no point has Highland remitted payment for past due fees for legal services rendered from December 1, 2006 to September 30, 2007, such period constituting 375.8 billable hours, being $131,530.00 at the agreed rate of $350.00 per hour (Exhibit 2, Para. 6; Exhibit 4).

11. Defendant Highland asserted in its Answer to the Complaint that on or about November 30, 2008, Plaintiffs demanded payment from HySky of $84,000.00 for unpaid legal charges (Answer, Para. 9). This is correct. By way of explanation, Plaintiffs have on different occasions estimated and requested unpaid fees between $84,000.00 and $86,000.00, but Plaintiffs subsequently determined that the billable hour monthly accountings for December, 2006, January, 2007 and a portion of February, 2007 had not been transferred over to the master accounting statement when these amounts were asserted. The final calculation of $131,530.00 represents the complete time period and accounting for the unpaid fees (Exhibit 2, Para. 6, Exhibit 4). Indeed, Plaintiffs have requested payment for its fees on multiple occasions, beginning in December, 2007, and continuing until April, 2009, which requests went unanswered (Exhibit 2, Para. 7).

12. From December 1, 2006 to the present, Plaintiffs also accumulated unpaid costs of representation of $3,300.95 (Exhibit 2, Para. 6; See Exhibit A to Affidavit).

## STANDARD OF REVIEW

13. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. PROC. 56(c). "[A] party seeking **summary judgment** always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting FED. R. CIV. PROC. 56(c)). *Indiana v. Pastrick,* 2008 U.S. Dist. LEXIS 50170.

14. There are no depositions, answers to interrogatories, or admissions on file in this case, and any attempt to develop these materials will fail to illuminate the issues any clearer. As a measure of good faith, on September 29, 2009, and October 13, 2009, Plaintiffs attempted to communicate with Defendant Highland's Counsel, via email, to see if there were any desire to develop a discovery plan in this matter. There has been no response.

## DISCUSSION

15. This case is simple. In November, 2006, Plaintiffs were contacted by Highland to perform due diligence legal services. As a benefit to Highland, Plaintiffs agreed to defer billing

4
Case 5:09-cv-00352-F   Document 21   Filed 01/07/10   Page 4 of 9

of these services until after December 10, 2007. From December 1, 2006 to December 31, 2007, Plaintiffs performed the contractually requested due diligence legal services for Defendant Highland, and have not received payment of their fees for the period December 1, 2006 to September 30, 2007, despite numerous requests for reimbursement beginning in December, 2007 and continuing until April, 2009. Further, Plaintiffs have not received reimbursement for their continuing costs of representation, again, despite numerous requests. The only possible argument from the Defense, "we don't want to pay," is not a legal defense to contractual liability.

16. In the alternative, to the extent Defendant Highland argues there is no express contract, then an implied contract exists, or in the alternative *quantum meruit*, unjust enrichment (Causes of Action Eighth and Ninth). From December 1, 2006 to September 30, 2007, Plaintiffs performed legal services for Defendant for which payment was expected, Defendant knowingly and voluntarily accepted the services of Plaintiff with knowledge that payment was expected, and Defendant benefited from the provision of such services. Defendant Highland's knowledge, agreement, and acceptance of the services provided are further evidenced by the fact that Highland compensated Plaintiffs for continuing due diligence services performed during the period from October 1, 2007 to December 31, 2007 (Complaint, Para. 8) without any "new" services contract, but rather relying on the agreement of November 29, 2006 to encompass these services. An express, or alternatively implied, contract existed for the services rendered from December 1, 2006 to September 30, 2007, and Highland is liable for payment.

## CONCLUSION

17. There is no issue as to any material fact and Plaintiffs are entitled to judgment as a matter of law. Moreover, FRCP 54 (b) provides, "(b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

18. The Plaintiffs hereby request this Honorable Court award summary judgment as to liability, causation, and damages as to Defendant Highland, on Plaintiffs' First, Sixth, Eighth, and Ninth Causes of Action, and direct final judgment as there is no just reason for delay. As shown, Plaintiffs requested payment of their fees and costs on multiple occasions over a period of a year and a half until the filing of this action. Defendants have failed to plead any valid defense. There are no additional discoverable, relevant facts. Now, Plaintiffs have waited over two years for compensation of their services without any response from the Defendant except a general denial in its Answer. Enough is enough. Plaintiffs respectfully request this Honorable Court award judgment of $131,530.00 for legal services rendered and $3,300.95 for costs incurred, and further direct a final judgment pursuant to FRCP 54(b) so that Plaintiff may begin the collection process without further strategic delay or hindrance.

WHEREFORE, Plaintiffs request that this Honorable Court,

1. Award summary judgment in the amount of $134,830.95 in damages for fees and costs;

2. Award prejudgment interest, specifically calculated from December 11, 2007, the date such fees became due and payable and the date breach occurred when payment was not remitted. As this matter arose from a state action, the prevailing prejudgment interest calculation should be based on North Carolina state law ("In a diversity action, state law governs prejudgment

interest…" *Happy Chef Sys., Inc. v. John Hancock Mut. Life Ins. Co.*, 933 F.2d 1433, 1435 (8th Cir. 1991)). North Carolina General Statute (N.C.G.S.) § 24-5 (a) provides that in contract actions, interest begins to accrue as of the date of breach. N.C.G.S. § 24-1 provides that the legal rate of interest shall be eight percent (8%) per annum;

    3. Order the judgment be certified as final judgment pursuant to FRCP 54(b) as there is no just reason for delay, and be entered pursuant to FRCP 58;

    4. Order, for good cause shown, immediate execution of the judgment pursuant to FRCP 62(c), and in the event execution is denied for pendency of appeal, order Defendant Highland to provide a bond conditioned upon satisfaction of the judgment, including interests and costs, if the appeal is not taken, the appeal is dismissed, or judgment is affirmed;

    5. Grant Plaintiffs leave to file a separate motion for costs and attorney fees;

    6. Grant further relief this Honorable Court deems appropriate.

This the 7th day of January, 2010.

                      By:    /s/ Patrick E. Neighbors
                            PATRICK E. NEIGHBORS
                            *Pro Se*
                            N.C. State Bar No. 27120
                            2500 Regency Parkway
                            Cary, North Carolina 27518
                            Telephone: (919) 654-6807
                            Facsimile: (919) 533-6338
                            Email: pneighbors@nc.rr.com


                            THE NEIGHBORS LAW FIRM, P.C.

                      By:    /s/ Patrick E. Neighbors
                            PATRICK E. NEIGHBORS
                            N.C. State Bar No. 27120
                            2500 Regency Parkway
                            Cary, North Carolina 27518
                            Telephone: (919) 654-6807
                            Facsimile: (919) 533-6338
                            Email: pneighbors@nc.rr.com

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5: 09 -CV- 00352 – F

| | |
|---|---|
| THE NEIGHBORS LAW FIRM, P.C., and PATRICK E. NEIGHBORS, as<br><br>Plaintiffs,<br><br>vs.<br><br>HIGHLAND CAPITAL MANAGEMENT, LP and HYSKY COMMUNICATIONS, LLC,<br><br>Defendants. | **CERTIFICATE OF SERVICE** |

    I hereby certify that on January 7, 2010, I served the foregoing Motion for Summary Judgment upon counsel of record using the CM/ECF system:

    F. Hill Allen, Esq.
    Tharrington Smith, LLP
    209 Fayetteville Street Mall
    Post Office Box 1151
    Raleigh, NC  27602

    *Counsel for Defendant Highland Capital Management, LP*

    Barney Stewart III
    Bryan Cave, LLP
    One Wachovia Center
    301 S. College Street, Suite 3700
    Charlotte, NC  27202

    *Counsel for Defendant HySky Communications, LLC*

This the 7th day of January, 2010.

                        By:    /s/ Patrick E. Neighbors
                                PATRICK E. NEIGHBORS

*Pro Se*
N.C. State Bar No. 27120
2500 Regency Parkway
Cary, North Carolina  27518
Telephone:  (919) 654-6807
Facsimile:  (919) 533-6338
Email:  pneighbors@nc.rr.com


THE NEIGHBORS LAW FIRM, P.C.

By: <u>/s/ Patrick E. Neighbors</u>
PATRICK E. NEIGHBORS
N.C. State Bar No. 27120
2500 Regency Parkway
Cary, North Carolina  27518
Telephone:  (919) 654-6807
Facsimile:  (919) 533-6338
Email:  pneighbors@nc.rr.com