THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5: 09 -CV- 00352 – F

| | |
|---|---|
| THE NEIGHBORS LAW FIRM, P.C., and PATRICK E. NEIGHBORS, as<br><br>Plaintiffs,<br><br>vs.<br><br>HIGHLAND CAPITAL MANAGEMENT, LP and HYSKY COMMUNICATIONS, LLC,<br><br>Defendants. | **SECOND AMENDED COMPLAINT**<br>FED. R. CIV. P. 15(a)(2) |

COME NOW Plaintiffs, pursuant to F.R.C.P. 15(a)(2), and with consent of Defendant Highland Capital Management, LP (herein "Highland")[1], amend their initial Complaint as follows as to Defendant Highland:

36. Upon information and belief, Defendant Highland, at all times relevant hereto, as equity member of Defendant HySky Communications, LLC (herein "HySky"), through its officers, employees, and agents, controlled and dominated HySky to a degree such that the corporate entity of HySky should be disregarded for the purposes of this legal action, in that Defendant Highland, *inter alia*, kept HySky inadequately capitalized for its operations, completely directed the policy making and business decisions of HySky, directed that HySky's formative documents be amended to allow officers of Defendant Highland to apply HySky losses to their individual tax returns, had employees of Defendant Highland serve as Managers of HySky and direct operations, served as signatories in disbursing HySky funds, and engaged in

---

[1] This matter is automatically stayed as to Defendant HySky Communications, LLC due to its bankruptcy filing.

similar conduct in other ways and means that will be developed during discovery and proven at trial.

37. Further, officers, employees, and agents of Defendant Highland conspired with officers and agents of Defendant HySky to act in violation of the Plaintiffs' rights as herein alleged, and that conduct directly and proximately caused the Plaintiffs' damages.

TENTH CAUSE OF ACTION

38. Plaintiffs reallege and incorporate herein all previous allegations contained in this Complaint.

39. On or about November 29, 2006, Defendant Highland represented to Plaintiffs, and intended for Plaintiffs to rely on such information, that Plaintiffs would be compensated, in accordance with the terms alleged herein, for the legal services rendered during the HySky due diligence period. Plaintiffs justifiably relied on such information and performed the services, with remaining unpaid services performed between on or about December 1, 2006 to September 30, 2007 as alleged herein. If indeed such information were false, then Defendant Highland failed to exercise reasonable care or competence in communicating the information to Plaintiffs, and Defendant Highland's conduct constitutes negligent misrepresentation. As a direct and proximate cause of the negligent misrepresentation of Defendant Highland, Plaintiffs are entitled to recover compensatory damages of the Defendant in excess of TEN THOUSAND DOLLARS ($10,000.00).

ELEVENTH CAUSE OF ACTION

40. Plaintiffs reallege and incorporate herein all previous allegations contained in this Complaint.

41. As alleged herein, Defendant HySky was an additional contracting party to Defendant Highland for services rendered and costs incurred by Plaintiffs. Upon information and belief, Defendant Highland knew of the existence of Plaintiffs' contract right, and the facts giving rise to it at all times relevant. Between on or about March 24, 2009 and on or about April 6, 2009, the officers, agents, or employees of Defendant Highland intentionally induced the officers or agents of HySky, without justification, to condition payment of undisputed contractual costs to Plaintiffs upon Plaintiffs' releasing of all legal claims or actions as to Defendant Highland (as equity member of Defendant HySky), thus wrongfully interfering with Plaintiffs' contractual right to payment and reimbursement. As a direct and proximate cause of the Defendant's wrongful interference with Plaintiffs' contract right, Plaintiffs suffered actual damage, and are entitled to recover compensatory damages in excess of TEN THOUSAND DOLLARS ($10,000.00).

This the 7th day of May, 2010.

By: /s/ Patrick E. Neighbors
Patrick E. Neighbors
*Pro Se*
N.C. State Bar No. 27120
2500 Regency Parkway
Cary, North Carolina 27518
Telephone: (919) 654-6807
Facsimile: (919) 533-6338
Email: pneighbors@nc.rr.com

THE NEIGHBORS LAW FIRM, P.C.

By: /s/ Patrick E. Neighbors
Patrick E. Neighbors
N.C. State Bar No. 27120
2500 Regency Parkway
Cary, North Carolina 27518
Telephone: (919) 654-6807

Facsimile: (919) 533-6338
Email: pneighbors@nc.rr.com

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5: 09 -CV- 00352 – F

| | |
|---|---|
| THE NEIGHBORS LAW FIRM, P.C., and PATRICK E. NEIGHBORS, as<br><br>Plaintiffs,<br><br>vs.<br><br>HIGHLAND CAPITAL MANAGEMENT, LP and HYSKY COMMUNICATIONS, LLC,<br><br>Defendants. | **CERTIFICATE OF SERVICE** |

I hereby certify that on May 7, 2010, I electronically filed the foregoing SECOND AMENDED COMPLAINT with the Court and upon the following counsel using the CM/ECF system:

>F. Hill Allen, Esq.
>Tharrington Smith, LLP
>209 Fayetteville Street Mall
>Post Office Box 1151
>Raleigh, NC  27602
>
>*Counsel for Defendant Highland Capital Management, LP*
>
>Barney Stewart III
>Bryan Cave, LLP
>One Wachovia Center
>301 S. College Street, Suite 3700
>Charlotte, NC  27202
>
>*Counsel for Defendant HySky Communications, LLC*

This the 7th day of May, 2010.

By: /s/ Patrick E. Neighbors
Patrick E. Neighbors
*Pro Se*
N.C. State Bar No. 27120
2500 Regency Parkway
Cary, North Carolina 27518
Telephone: (919) 654-6807
Facsimile: (919) 533-6338
Email: pneighbors@nc.rr.com


THE NEIGHBORS LAW FIRM, P.C.

By: /s/ Patrick E. Neighbors
Patrick E. Neighbors
N.C. State Bar No. 27120
2500 Regency Parkway
Cary, North Carolina 27518
Telephone: (919) 654-6807
Facsimile: (919) 533-6338
Email: pneighbors@nc.rr.com