IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
File No. 5:09-CV-00352-F

| | |
|---|---|
| THE PATRICK NEIGHBORS LAW FIRM, P.C. and PATRICK E. NEIGHBORS, | ) ) ) |
| Plaintiffs, | ) ) DEFENDANT HIGHLAND |
| vs. | ) CAPITAL MANAGEMENT, L.P.'S ) ANSWER TO SECOND AMENDED ) COMPLAINT |
| HIGHLAND CAPITAL MANAGEMENT, L.P., and HYSKY COMMUNICATIONS, L.L.C., | ) ) ) |
| Defendants. | ) |

COMES NOW Defendant Highland Capital Management, L.P. ("Highland") and files its Answer to the Second Amended Complaint filed by Plaintiffs The Patrick Neighbors Law Firm, P.C., and Patrick E. Neighbors ("Second Amended Complaint").

**I.**
**RESPONSE TO ALLEGATIONS IN PLAINTIFFS' SECOND AMENDED COMPLAINT**

1. As to the allegations in paragraph 36 of the Second Amended Complaint, Highland admits that at some relevant times that it held equity in Defendant HySky Communications, L.L.C. ("HySky"). Highland further admits that at some relevant times employees of Highland served as managers for HySky. As to all further allegations in paragraph 36 of the Second Amended Complaint, Highland is without sufficient information to admit or deny, and therefore denies.

2. Highland denies all allegations in paragraph 37 of the Second Amended Complaint.

-1-

Case 5:09-cv-00352-F   Document 38   Filed 06/01/10   Page 1 of 7

3. As to the allegations in paragraph 38 of the Second Amended Complaint, Highland admits that Plaintiffs have restated and incorporated all previous allegations, and incorporates its responses to same as if fully set forth herein.

4. As to the allegations in paragraph 39 of the Second Amended Complaint, Highland denies it made any negligent misrepresentations to Plaintiffs. Highland further denies that any negligent misrepresentation of Highland caused any alleged damages to Plaintiffs. As to all further allegations in paragraph 39 of the Second Amended Complaint, Highland is without sufficient information to admit or deny, and therefore denies.

5. As to the allegations in paragraph 40 of the Second Amended Complaint, Highland admits that Plaintiffs have restated and incorporated all previous allegations, and incorporates its responses to same as if fully set forth herein.

6. As to the allegations in paragraph 40 of the Second Amended Complaint, Highland admits HySky contracted with Plaintiffs. Highland further admits that at some relevant times Highland was aware that HySky had contracted with Plaintiffs. Highland denies it wrongfully interfered with Plaintiffs' contract rights. Highland denies that any alleged interference by Highland with Plaintiffs' contract rights caused damages to Plaintiffs. As to all further allegations in paragraph 41 of the Second Amended Complaint, Highland is without sufficient information to admit or deny, and therefore denies.

7. Any allegation of the Second Amended Complaint not specifically admitted is hereby denied.

-2-

Case 5:09-cv-00352-F   Document 38   Filed 06/01/10   Page 2 of 7

## II.
## AFFIRMATIVE DEFENSES

### First Affirmative Defense

8. Some or all of the Second Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

9. Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### Third Affirmative Defense

10. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no damages.

### Fourth Affirmative Defense

11. Plaintiffs' claim for fraud is barred due to Plaintiffs' failure to plead fraud with specificity.

### Fifth Affirmative Defense

12. The Complaint fails to state a claim for attorneys' fees and/or costs.

### Sixth Affirmative Defense

13. Plaintiffs' claims are barred, in whole or in part, because Highland did not act with malice or willful intent to injure.

### Seventh Affirmative Defense

14. Highland states that it has acted at all times in good faith and specifically denies that it has engaged in any wrongful or illegal action that allegedly caused damage to Plaintiffs.

### Eighth Affirmative Defense

15. Highland breached no duty owed to Plaintiffs, whether in tort, contract or in state or federal statutes and/or regulations, and Plaintiffs' claims against Highland are thus barred.

### Ninth Affirmative Defense

16. Plaintiffs' claims are barred, in whole or in part, by the Statute of Frauds.

### Tenth Affirmative Defense

17. Plaintiffs' claims are barred, in whole or in part, due to a lack of meeting of the minds.

### Eleventh Affirmative Defense

18. Plaintiffs' claims are barred, in whole or in part, due to lack of adequate consideration.

### Twelfth Affirmative Defense

19. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### Thirteenth Affirmative Defense

20. Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of risk.

### Fourteenth Affirmative Defense

21. Plaintiffs' claims are barred due to Plaintiffs' failure to make reasonable efforts to advise Highland of the existence of the North Carolina State Bar's fee dispute resolution program at least 30 days prior to initiating legal proceedings to collect a disputed fee, as required by Rule 1.5(f) of the North Carolina Rules of Professional Conduct.

### Fifteenth Affirmative Defense

22. The Second Amended Complaint fails to state a claim for punitive damages.

### Sixteenth Affirmative Defense

23.     Imposition of punitive or exemplary damages in this case would be violative and impermissible under the Constitution of the State of North Carolina and the United States Constitution, and would violate Highland's due process rights.

### Seventeenth Affirmative Defense

24.     Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and/or consent.

### Eighteenth Affirmative Defense

25.     Plaintiffs' claims against Highland are barred, in whole or in part, because Plaintiffs performed no services for the benefit of Highland.

### Nineteenth Affirmative Defense

26.     Plaintiffs' claims against Highland are barred, in whole or in part, due to lack of privity.

### Twentieth Affirmative Defense

27.     Plaintiffs' claims against Highland are barred, in whole or in part, because Highland and HySky are distinct and separate corporate entities.

### Twenty-First Affirmative Defense

28.     Alternatively, to the extent Plaintiffs rendered any professional legal services to Highland, Plaintiffs failed to render such services with the skill, prudence, and diligence that a lawyer of ordinary skill and capacity would commonly possess and exercise in the performance of the tasks with he would undertake.

Respectfully submitted this 1st day of June, 2010,

/s/ F. Hill Allen
F. Hill Allen
N. C. State Bar No. 18884
**THARRINGTON SMITH, L.L.P.**
209 Fayetteville Street
Post Office Box 1151
Raleigh, North Carolina 27602
Telephone: (919) 821-4711
Facsimile: (919) 829-1583
Email: hallen@tharringtonsmith.com

AND

Isaac D. Leventon
*Admitted pro hac vice*
**HIGHLAND CAPITAL MANAGEMENT, L.P.**
Two Galleria Tower
13455 Noel Road, Suite 800
Dallas, Texas 75240
Telephone: (972) 419-4482
Facsimile: (972) 628-4147
Email: ileventon@hcmlp.com

**ATTORNEYS FOR DEFENDANT HIGHLAND CAPITAL MANAGEMENT, L.P.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
File No. 5:09-CV-00352-F

| | |
|---|---|
| **THE PATRICK NEIGHBORS LAW FIRM, P.C. and PATRICK E. NEIGHBORS,**  Plaintiffs,  vs.  **HIGHLAND CAPITAL MANAGEMENT, L.P., and HYSKY COMMUNICATIONS, L.L.C.,**  Defendants. | **DEFENDANT HIGHLAND CAPITAL MANAGEMENT, L.P.'S ANSWER TO SECOND AMENDED COMPLAINT** |

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2010, I electronically filed Defendant Highland Capital Management, L.P.'s Answer to Second Amended Complaint with the Court using the CM/ECF system.

The CM/ECF system will send notification of such filing to this following:

>Patrick Neighbors, Esq.
>THE PATRICK NEIGHBORS LAW FIRM, P.C.
>2500 Regency Parkway
>Cary, North Carolina 27518
>pneighbors@nc.rr.com

>/s/ F. Hill Allen
>F. Hill Allen
>N. C. State Bar No. 18884
>**THARRINGTON SMITH, L.L.P.**
>209 Fayetteville Street
>Post Office Box 1151
>Raleigh, North Carolina 27602
>Telephone: (919) 821-4711
>Facsimile: (919) 829-1583
>Email: hallen@tharringtonsmith.com