THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5: 09 -CV- 00352 – F

| | |
|---|---|
| THE NEIGHBORS LAW FIRM, P.C., and PATRICK E. NEIGHBORS, as<br><br>Plaintiffs,<br><br>vs.<br><br>HIGHLAND CAPITAL MANAGEMENT, LP and HYSKY COMMUNICATIONS, LLC,<br><br>Defendants. | **PLAINTIFFS' OBJECTIONS TO MEMORANDUM AND RECOMMENDATIONS**<br>Local Rule 72.4(b) |

COME NOW Plaintiffs, and hereby file and serve the following objections to the MEMORANDUM AND RECOMMENDATIONS of United States Magistrate Judge James Gates (D.E. 39) to Plaintiffs' First Motion for Summary Judgment:

**FIRST OBJECTION – Contract Claim**

1. The Court correctly states the elements of a valid contract under North Carolina law, "A valid contract exists when there is an agreement based on a meeting of the minds and sufficient consideration." *Elina Adoption Servs., Inc. v. Carolina Adoption Servs., Inc.,* No. 1:07CV169, 2008WL 4005738, at *3 (M.D.N.C. 25 Aug. 2008) (citing *Creech ex rel. Creech v. Melnik,* 147 N.C. App. 471, 477, 556 S.E.2d 587, 591 (2001) (D.E. 39, p. 14).

2. In November, 2006, Plaintiffs reached an oral agreement with Mr. Niles Chura, portfolio analyst for defendant Highland Capital Management, LP (herein "Highland") to perform legal services at an agreed upon rate with deferred billing. Plaintiffs then documented

the existence of that agreement with a follow-up engagement letter to Highland. However, in denying Plaintiffs' Motion for Summary Judgment on their contract claim, the court relies *primarily* on this subsequent follow-up letter with Highland (D.E. 21-3) as the contract, indicating there is a genuine issue of material fact, "The engagement letter can reasonably be read to be an agreement to agree…" (D.E. 39, p. 18), and Plaintiff Patrick Neighbors's affidavit *secondarily* as qualifying that agreement, "Of course, Neighbors testified that he reached an oral agreement with Chura regarding certain specific terms. But the relationship between the conversation with Chura and the engagement letter is unclear." (D.E. 39, pp. 18-19).

3. This analysis puts the cart before the horse. As Plaintiffs alleged in their Motion for Summary Judgment (D.E. 21 ¶ 8), and the engagement letter makes clear, only *after* Neighbors and Chura reached an agreement on specific contractual terms did Plaintiffs document the existence of the agreement between Neighbors and Chura with Mr. Kevin Ciavarra, Corporate Counsel for Highland, "an engagement letter between this law firm and Highland *regarding* an agreement to perform future legal services on an as needed basis as we may mutually agree, in writing or orally (the "Engagement")." (D.E. 39, p. 16). Thus, the letter clearly incorporates by reference the prior existing agreement (between Neighbors and Chura) as "the Engagement." Despite Highland not disputing this sequence of events, the Court believes an issue of fact is presented on whether a contract ever existed for the legal services because of the indefiniteness of the subsequent letter. (D.E. 39, p. 18). However, no issue of fact is presented here as the follow-up letter clearly indicates it is *not* the agreement, and as such, would not necessarily contain the terms of the agreement.

4. To survive a motion for summary judgment on Plaintiffs' contractual claim, under North Carolina law, Highland would need to put forth facts showing there was no meeting of the

minds between Neighbors and Chura, and that there was not sufficient consideration. This is the legal test for a valid contract, and Highland does not put forth any facts that rebut the agreement between Neighbors and Chura. As such, the Court should find summary judgment in favor of the Plaintiffs on the contract claim.

## SECOND OBJECTION – Agency of Chura

5. The Court finds there exists a genuine issue of fact as to the entity Chura was representing at the time of the agreement between Neighbors and Chura in November, 2006, "As noted, Neighbors states that Chura was acting as an employee of Highland when Neighbors reached his oral agreement with him. (Neighbors Aff. ¶ 2). But Highland has submitted evidence that at the time Chura was both an employee of Highland and a manager of HySky with the power to enter into contracts on behalf of HySky (*See* Callan Aff. ¶ 7; HySky Limited Liability Company Agmt. 14, art. 5.1; 26). There is accordingly an issue as to which entity Chura was representing." (D.E. 39, pp. 20-21).

6. The two documents on which the Court relies simply do not provide evidence that Chura had the power to enter into contracts on behalf of HySky in November 2006. Callan's Affidavit definitively states that Chura did not become a Manager of HySky until January, 2007 (Callan Aff. ¶ 7), and the HySky Limited Liability Company Agreement not only corroborates Callan's statement, but also provides additional specificity, as the agreement was signed on January 9, 2007, thus instating Chura as a Manager of HySky on that date. Thus, Chura had no "power" or agency relationship with HySky to enter into contracts on its behalf in November, 2006, as shown by Highland's exhibits. Plaintiffs object to the Court's conclusion that there exists an issue of material fact that Chura may have been an agent of HySky in November, 2006,

and request that the Court find that the agreement reached in November, 2006 was with Chura on behalf of Highland.

### THIRD OBJECTION – *Quantum Meruit*

7. Plaintiffs further object to the Court's finding that there exists a genuine issue of fact as to Plaintiffs' claim of *quantum meruit.*

8. If the Court finds the November, 2006 agreement was between Neighbors and Chura, on behalf of Highland, then Plaintiffs request the Court find that summary judgment for Plaintiffs' claim of *quantum meruit* be granted. In the Memorandum and Recommendations, the Court correctly states the elements of *quantum meruit*, "(1) services were rendered to the defendant; (2) the services were knowingly and voluntarily accepted, and (3) the services were not given gratuitously." *TSC Research, LLC v. Bayer Chemicals Corp.,* No. 1:06CV701, 2009 WL 2168965, at *6(M.D.N.C. 16 July 2009) (citing *Scott v. United Carolina Bank,* 130 N.C. App. 426, 429, 503 S.E.2d 149, 152 (1998).

9. However, while stating the elements correctly, the *quantum meruit* analysis the Court renders implies it is the same analysis as that of an express contract, "as discussed, there is a genuine issue of material fact whether plaintiffs had an express agreement for the legal services in question. If they did, they have no claim for *quantum meruit.*" (D.E. 39, p. 24). The latter statement is unclear. If the statement means Plaintiffs did have an express agreement, then the statement is correct in the sense that the claim for *quantum meruit* would not be reached, and Plaintiffs should be granted summary judgment on their express contract claim. However, if the statement means the Plaintiffs had issues of material fact on their express contract claim, which then translate into issues of material fact on their *quantum meruit* claim, this statement is

incorrect, as *quantum meruit* is pled in the alternative to an express contract claim. A *quantum meruit* claim has different elements than an express contract claim and the analysis should stand independently on its own. Although not the plain reading of the statement, it seems to be that the second interpretation of this statement is the case, as the Court indicates in its preceding statement, "But many of the issues that preclude summary judgment on plaintiffs contract claims also preclude summary judgment on plaintiffs' *quantum meruit* claim," without further explanation. (D.E. 39, p. 24).

10. Plaintiffs object to this application of the evidence, as the elements of *quantum meruit* stand independently and apart from that of an express agreement. The evidence clearly shows there is no genuine issue of fact on the elements of *quantum meruit*: (1) the services were rendered to Highland as it has been shown, *supra,* that Chura reached the agreement with Neighbors on behalf of Highland, not HySky; (2) the services were knowingly and voluntarily accepted by Highland - this element has not been disputed by Highland nor analyzed by the Court; and, (3) the services were not rendered gratuitously. The Court does analyze this last element by referring to an email from Neighbors to Chura that represents a write-down of billed charges and expenses from $16,447.32 to $10,000.00, and …approximately 150 hours of unbilled time as an accrued benefit to Highland. (D.E. 39, p. 23). This email clearly makes a distinction between *billed* and *unbilled* time. As Plaintiffs distinguished in both their Motion and Reply, there is a great deal of *unbilled* time, but the *unbilled* time is not part of Plaintiffs' claims. There are simply no facts presented that the *billed* time claimed by Plaintiffs was to be rendered gratuitously. As such, there is no issue of material fact that Plaintiffs rendered their services gratuitously to Highland, and Plaintiffs object to this finding by the Court.

WHEREFORE, Plaintiffs request that this Honorable Court sustain their three objections, and grant summary judgment as appropriate.

This the 2nd day of September, 2010.

        By:    /s/ Patrick E. Neighbors
               PATRICK E. NEIGHBORS
               *Pro Se*
               N.C. State Bar No. 27120
               2500 Regency Parkway
               Cary, North Carolina 27518
               Telephone: (919) 654-6807
               Facsimile: (919) 533-6338
               Email: pneighbors@nc.rr.com

THE NEIGHBORS LAW FIRM, P.C.

        By:    /s/ Patrick E. Neighbors
               PATRICK E. NEIGHBORS
               N.C. State Bar No. 27120
               2500 Regency Parkway
               Cary, North Carolina 27518
               Telephone: (919) 654-6807
               Facsimile: (919) 533-6338
               Email: pneighbors@nc.rr.com

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5: 09 -CV- 00352 – F

| | |
|---|---|
| THE NEIGHBORS LAW FIRM, P.C., and PATRICK E. NEIGHBORS, as<br><br>Plaintiffs,<br><br>vs.<br><br>HIGHLAND CAPITAL MANAGEMENT, LP and HYSKY COMMUNICATIONS, LLC,<br><br>Defendants. | **CERTIFICATE OF SERVICE** |

I hereby certify that on September 2, 2010, I served the foregoing Plaintiffs' Objections upon counsel of record using the CM/ECF system:

    F. Hill Allen, Esq.
    Tharrington Smith, LLP
    209 Fayetteville Street Mall
    Post Office Box 1151
    Raleigh, NC  27602

    *Counsel for Defendant Highland Capital Management, LP*

    Barney Stewart III
    Bryan Cave, LLP
    One Wachovia Center
    301 S. College Street, Suite 3700
    Charlotte, NC  27202

    *Counsel for Defendant HySky Communications, LLC*

This the 2nd day of September, 2010.

                                                          By:    /s/ Patrick E. Neighbors
                                                                        PATRICK E. NEIGHBORS

*Pro Se*
N.C. State Bar No. 27120
2500 Regency Parkway
Cary, North Carolina 27518
Telephone: (919) 654-6807
Facsimile: (919) 533-6338
Email: pneighbors@nc.rr.com


THE NEIGHBORS LAW FIRM, P.C.

By: /s/ Patrick E. Neighbors
 PATRICK E. NEIGHBORS
 N.C. State Bar No. 27120
 2500 Regency Parkway
 Cary, North Carolina 27518
 Telephone: (919) 654-6807
 Facsimile: (919) 533-6338
 Email: pneighbors@nc.rr.com