UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-352-F

| | |
|---|---|
| THE NEIGHBORS LAW FIRM, P.C. and PATRICK E. NEIGHBORS, <br><br> Plaintiffs, <br><br> v. <br><br> HIGHLAND CAPITAL MANAGEMENT, L.P. and HYSKY COMMUNICATIONS, LLC, <br><br> Defendants. | ORDER |

This matter is before the court for consideration of the Memorandum and Recommendation ("M&R")[DE-39] filed by United States Magistrate Judge James A. Gates concerning the motion filed by Plaintiffs The Neighbors Law Firm, P.C. ("Neighbors Firm") and Patrick E. Neighbors ("Neighbors")(collectively, "Plaintiffs") for partial summary judgment against Defendant Highland Capital Management, L.P. ("Highland") for Plaintiff's claims based on breach of contract, *quantum meruit* and implied contract. Therein, Judge Gates recommended that Plaintiffs' motion for partial summary judgment be denied, Plaintiffs' evidentiary objections raised in their reply brief be denied on the merits or as moot, and that Highland's motion for a continuance pursuant to Rule 56(f) be denied.

Plaintiffs filed objections [DE-40] to Judge Gates' M&R, and the time for Highland to respond has since passed. This matter is therefore ripe for ruling.

## I. STANDARD OF REVIEW

A district court may "designate a magistrate judge to submit . . . proposed findings of fact and recommendations for the disposition of a variety of motions. 28 U.S.C. § 636(b)(1)(B). The

court then must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C). Upon review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

At issue in this case is Plaintiffs' motion for partial summary judgment. Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden initially of coming forward and demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When making the summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the non-movant. *Liberty Lobby*, 477 U.S. at 255. Once the moving party has met its burden, the non-moving party then must come forward and demonstrate that such a fact issue does indeed exist. *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish any one of the essential elements of the party's claim on which he will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322-23.

## II. ANALYSIS

Judge Gates exhaustively detailed the factual and procedural history of this case in the M&R. To summarize, Plaintiffs seek recovery of legal fees in the amount $131,500.00 allegedly incurred from December 2006 to September 2007 for performance of due diligence work in connection with an asset purchase by Defendant HySky Communications, LLC ("HySky").

Plaintiffs also seek costs of $3,300.95 allegedly incurred from January 2008 to December 2008 in connection with services they provided to HySky as general counsel. At all times relevant to this action, Highland was HySky's sole equity holder. The motion for partial summary judgment seeks recovery solely from Highland because the action is stayed as to HySky due to its filing for bankruptcy.

In the M&R, Judge Gates recommended that the partial motion for summary judgment be denied as to Plaintiffs' claims for breach of contract and *quantum meruit* because of the existence of a number of basic issues of material fact that preclude summary judgment. *See* M&R [DE-39] at p. 18. With regard to Plaintiffs' claims for breach of contract to pay legal fees, Judge Gates found that a genuine issues of material fact exists as to whether a contract ever existed for the legal services in question, and if a contract existed, whether Highland, and not HySky, was the contracting party. *Id.* at pp. 18-23. Judge Gates also found that a genuine issue of material fact exists as to whether Plaintiffs agreed to provide services gratuitously. *Id.* at p. 23.

Judge Gates also found that the same issues of material fact exist with regard to Plaintiffs' *quantum meruit* claim for legal fees, and therefore he recommended that Plaintiffs' motion be denied as to that claim. *Id.* at p. 24. Finally, Judge Gates found that there were issues of fact as to whether Highland, rather than HighSky, is the party with the obligation to pay Plaintiffs for costs, precluding summary judgment on Plaintiff's claim for costs. *Id.* at pp. 24-25.

On September 2, 2010, Plaintiffs filed the following objections to the M&R: (1) there is no genuine issue of material fact as to whether Neighbors reached an agreement with Mr. Niles Chura, portfolio analyst for Highland, in November 2006 to perform legal services to be paid by Highland at an agreed upon rate with deferred billing; (2) there is no genuine issue of material

3

fact as to whether Chura was representing Highland at the time of the November 2006 agreement, and (3) there is no genuine issue of material fact as to Plaintiffs' *quantum meruit* claim. The court will address each of the Plaintiffs' objections.

## A. A genuine issue of material fact exists as to whether a valid contract existed

Plaintiffs argue that Judge Gates incorrectly found that a genuine issue of material fact exists as to whether a valid contract existed between Plaintiffs and Highland. Specifically, Plaintiffs contend the undisputed evidence shows that Plaintiffs reached an oral agreement with Chura, on behalf of Highland, to perform legal services at an agreed upon rate with deferred billing. Plaintiffs argue that in finding that a genuine issue of material fact exists, Judge Gates' "analysis puts the cart before the horse," in that he relied "primarily" on a subsequent follow-up letter as the contract. Obj. [DE-40] at pp. 1-2.

The court overrules Plaintiffs' objection. Judge Gates did not interpret the subsequent follow-up letter to be the "contract" at issue. Rather, he recognized that the engagement letter–which, according to Plaintiffs "memorialized" the terms of the oral agreement–casts doubt upon whether the Plaintiffs and Chura truly reached a meeting of the minds as to the "oral agreement" to provide legal services. Moreover, Judge Gates also relied on email sent by Neighbors to Chura on September 10, 2007, wherein he recognizes that he only had an "engagement letter" with Highland, rather than "an agreement"–thereby acknowledging that he lacked a contract for due diligence services performed. *Id.* at p. 20 (detailing the September 10, 2007, Email [DE-26-14]).

The court recognizes that Plaintiffs advocate a very different reading of the engagement letter and the inferences to be read therefrom. Obj. [DE-40] at p. 2 (arguing "no issue of fact is

4

presented here as the follow-up letter clearly indicates it is *not* the agreement, and as such, would not necessarily contain the terms of the agreement"). The Plaintiffs' arguments, however, do nothing to erase the fact that opposite inferences can be taken from the facts in the record. Moreover, Plaintiffs do not address the implications of Neighbors' September 10, 2007 email, wherein he states he did not have an agreement with Highland.

Based on this court's own de novo review of the record, the court finds that a genuine issue of material fact exists as to whether there was a valid contract for the legal services rendered by Plaintiffs.

### B. A genuine issue of material fact exists as to which entity Chura was representing at the time of the alleged agreement in November 2006

Plaintiffs also argue that Judge Gates incorrectly found that a genuine issue of material fact exists as to the entity Chura was representing at the time of the alleged November 2006 agreement. Specifically, Plaintiffs take issue with Judge Gates' observation that "Highland has submitted evidence that at the time Chura was both an employee of Highland and a manager of HySky with the power to enter contracts on behalf of HySky." M&R [DE-39] at pp. 20-21(citing Callan Aff. ¶ 7 [DE-26-1]; HySky Limited Liability Company Agmt. 14, Art 5.1, 26 [DE-26-5]). Plaintiffs argue the evidence cited by Judge Gates does not show that Chura had the power to enter into contracts on behalf of HySky in November 2006.

To the extent Judge Gates was suggesting Chura had the actual authority in November 2006 to bind HySky, the court agrees. As Plaintiffs note, the Affidavit states that Chura did not become a manager of HySky until January 2007, and the HySky Limited Liability Agreement cited by Judge Gates was signed on January 9, 2007, thereby instating Chura as a manager of

5

HySky on that date. Thus, the evidence does not suggest that Chura was an actual manager of HySky at the time of the alleged November 2006 agreement.

Nevertheless, even though the court agrees that the evidence shows that Chura would not have *actual* authority, in November 2006, to enter into contracts on HySky's behalf, the evidence still suggests that Plaintiffs believed Chura had *apparent* authority and was acting on HySky's behalf. *See Zimmerman v. Hogg & Allen*, 286 N.C. 24, 30, 209 S.E.2d 795, 799 (1974)("When a corporate agent acts within the scope of his apparent authority, and the third party has no notice of the limitation on such authority, the corporation will be bound by the acts of the agent . . . ."). As Judge Gates detailed in the M&R, Plaintiffs repeatedly have taken the position that HySky owes Plaintiffs the fees for the legal services performed and that HySky, and not Highland, entered into the contract with Plaintiffs. *See* HySky Board Minutes for Feb. 5, 2009 [DE-26-4] ("Mr. Neighbors asked the Board to consider his firm's outstanding, unpaid legal fees that resulted from performing due diligence on the Company's behalf from December, 2006 to September, 2007. Mr. Prillick asked for documentation as to initial agreement and services performed. Mr. McQueary indicated that such evidence should be provided within thirty days . . . . RESOLVED, Mr. Neighbors will provide evidence of initial agreement and documentation of hourly services performed during the applicable time period within thirty days."); Bankruptcy Claim [DE-26-27](Plaintiffs' "Proof of Claim" as to the unpaid fees filed in HySky's bankruptcy action); Plaintiffs' Response to HySky's Objection to Claim [DE-26-8] ¶ 13 ("As indicated, in November 2006, [Plaintiffs] contractually agreed with HySky to provide due diligence legal services."); Transcript of January 29, 2010 Bankruptcy Hearing [DE-26-29] at pp. 2-3 (Neighbors' cross-examination of a witness and later argument wherein he refers to the disputed

6

contract as "an agreement between the Neighbors law firm and a then-acting Manager of the Board of Managers [of HySky], Mr. N[i]les Chura"). As the preceding evidence shows, Plaintiffs have stated they regarded Chura as an "acting manager" of HySky.

Accordingly, although the court cannot accept the finding that Highland had submitted evidence showing that in November 2006, Chura had actual authority to enter into contracts on behalf of HySky, the court still concludes there is a genuine issue of material fact as to which entity Chura was representing. When this issue of fact is combined with the numerous others highlighted by Judge Gates, see M&R [DE-39] at pp. 21-22, the court can only find that will be up to the trier of fact to determine which entity, if any, Plaintiffs contracted with for the legal services at issue.

### C. A genuine issue of material fact exists as to Plaintiffs' *quantum meruit* claim

Plaintiffs' third objection concerns Judge Gates' finding that genuine issues of material fact precludes summary judgment on Plaintiffs' *quantum meruit* claim.

*Quantum meruit* serves an equitable remedy to prevent unjust enrichment when there is no express contract. 348 N.C. 39, 42, 497 S.E.2d 412, 414-15 (1998). "To recover in *quantum meruit*, [a] plaintiff must show (1) services were rendered to defendants; (2) the services were knowingly and voluntarily accepted; and (3) the services were not given gratuitously." *Envtl. Landscape Design v. Shields*, 75 N.C. App. 304, 306, 330 S.E.2d 627, 628 (1985). "*Quantum meruit* claims require a showing that both parties understood that services were rendered with the expectation of payment." *Scott v. United Carolina Bank*, 130 N.C. App. 426, 429, 503 S.E.2d 149, 152 (1998). Moreover, "the focus, in the *quantum meruit* context, is on whether there is an express contract *on the subject matter at issue* and not on whether there was a contract between

7

the parties." *Ron Medlin Constr. v. Harris*, 681 S.E.2d 807, 810 (N.C. Ct. App. 2009)(quoting *Vetco Concrete Co. v. Troy Lumber Co.*, 256 N.C. 709, 713, 124 S.E.2d 905, 908(1962))("Plaintiffs mistakenly argue that only an express contract between the parties precludes a claim for *quantum meruit*. In fact, this Court has held: 'It is a well established principle that an express contract precludes an implied contract *with reference to the same matter*. . . . There cannot be an express and implied contract *for the same thing* existing at the same time.' ").

In this case, as the court previously has detailed, there is a dispute as to whether an express contract existed, and if it did exist, which entity–HySky or Highland–was the party to the contract with Plaintiffs. If an express contract covering the same subject matter existed with either party, then under North Carolina law, recovery on the basis of *quantum meruit* is precluded. *See Ron Medlin Construction*, 681 S.E.2d at 801. Moreover, as Judge Gates observed in the M&R, the evidence in the record would allow a jury to find that Plaintiffs rendered the legal services almost exclusively to HySky, and that Plaintiffs may have agreed to provide some or all of their services free of charge. *See* M&R [DE-39] at p. 21 (citing the billing records of Plaintiffs and the fact that the work underlying Plaintiffs' fee claim was on an asset purchase agreement by HySky); p. 23 (citing a November 12, 2007 email from Neighbors wherein he indicated that he wrote-down certain billed charges and expenses "in anticipation of a long term sustained relationship with HySky" and summarized other benefits had provided, including "[a]pproximately 150 hours of unbilled time"). The court again recognizes that Plaintiffs urge that different inferences be taken from the factual record. However, this court is of the opinion that genuine issues of material fact are presented by the record. Given these

8

the parties." *Ron Medlin Constr. v. Harris*, 681 S.E.2d 807, 810 (N.C. Ct. App. 2009)(quoting *Vetco Concrete Co. v. Troy Lumber Co.*, 256 N.C. 709, 713, 124 S.E.2d 905, 908(1962))("Plaintiffs mistakenly argue that only an express contract between the parties precludes a claim for *quantum meruit*. In fact, this Court has held: 'It is a well established principle that an express contract precludes an implied contract *with reference to the same matter*. . . . There cannot be an express and implied contract *for the same thing* existing at the same time.' ").

In this case, as the court previously has detailed, there is a dispute as to whether an express contract existed, and if it did exist, which entity–HySky or Highland–was the party to the contract with Plaintiffs. If an express contract covering the same subject matter existed with either party, then under North Carolina law, recovery on the basis of *quantum meruit* is precluded. *See Ron Medlin Construction*, 681 S.E.2d at 801. Moreover, as Judge Gates observed in the M&R, the evidence in the record would allow a jury to find that Plaintiffs rendered the legal services almost exclusively to HySky, and that Plaintiffs may have agreed to provide some or all of their services free of charge. *See* M&R [DE-39] at p. 21 (citing the billing records of Plaintiffs and the fact that the work underlying Plaintiffs' fee claim was on an asset purchase agreement by HySky); p. 23 (citing a November 12, 2007 email from Neighbors wherein he indicated that he wrote-down certain billed charges and expenses "in anticipation of a long term sustained relationship with HySky" and summarized other benefits had provided, including "[a]pproximately 150 hours of unbilled time"). The court again recognizes that Plaintiffs urge that different inferences be taken from the factual record. However, this court is of the opinion that genuine issues of material fact are presented by the record. Given these

8

factual disputes–which implicate *each* of the elements for a claim for recovery based on *quantum meruit* the court cannot conclude that Plaintiffs are entitled to a judgment as a matter of law.

## III. CONCLUSION

Except as modified herein, the court ADOPTS the M&R as its own, and it is hereby ORDERED:

1. Plaintiffs' evidentiary objections to the February 9, 2009 HySky board meeting minutes [DE-26-4], HySky's general ledger [DE-26-15], HySky accounting report [DE-26-16], HySky's confidential business plans [DE-26-18 and 19], the limited liability company agreement [DE-26-25], transcript of the January 29, 2010 bankruptcy hearing [DE-26-29], November 12, 2007 email [DE-26-20], and September 10, 2007, email [DE-26-14] are DENIED on the merits. Plaintiff's remaining evidentiary objections are DENIED as moot.

2. Highland's motion for a continuance pursuant to Rule 56(f) is DENIED.

3. Plaintiff's motion for partial summary judgment [DE-21] is DENIED.

The Clerk of Court is DIRECTED to continue the management of this case.

SO ORDERED.   This the 24th day of September, 2010.

James C. Fox
Senior United States District Judge