UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-352-F

| | |
|---|---|
| THE NEIGHBORS LAW FIRM, P.C. and PATRICK E. NEIGHBORS, ) ) ) Plaintiffs, ) ) v. ) ) HIGHLAND CAPITAL MANAGEMENT, L.P. ) and HYSKY COMMUNICATIONS, LLC, ) ) Defendants. ) | ORDER |

This matter is before the court on the responses [DE-48, DE-49] filed by Plaintiffs and Defendant HySky Communications, LLC ("HySky") to this court's Order [DE-44] filed on November 10, 2010.

## I. RELEVANT PROCEDURAL HISTORY

### A. Pre-bankruptcy

On June 30, 2009, Plaintiffs The Neighbors Law firm, P.C. and Patrick E. Neighbors ("Plaintiffs") filed an action against Defendants Highland Capital Management, L.P. ("Highland") and HySky in the General Court of Justice, Superior Court Division, Wake County, North Carolina. On August 6, 2009, Defendants removed the action to this court.

In the Complaint, Plaintiffs allege they rendered legal services to Defendants and Defendants failed to pay for such legal services. Plaintiffs seek to recover legal fees through claims of breach of contract, common law fraud, statutory fraud.

On August 19, 2009, Plaintiffs filed a Motion for Preliminary Injunction, seeking an injunction "to prevent Defendants from disposing, shifting, or distributing any of Defendant

HySky Communications, LLC's corporate property or distributing or disposing of any of its corporate funds from any and all its accounts, especially that of its General Escrow Account designated for Due Diligence Expenses, until resolution of this underlying action." Mot. for Prelim. Inj. [DE-8] at p. 1. In the Motion for Preliminary Injunction, Plaintiffs contend that Plaintiffs are due $131,530 in unpaid legal fees and $3,300.95 in unpaid costs. On that same date, HySky filed a Notice of Bankruptcy Filing and of Automatic Stay [DE-10], wherein it informed the court that it had filed a petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Case No. 09-35340 ("the Bankruptcy Action"), and that the filing of that petition stayed Plaintiffs' claims against HySky in this action, pursuant to 11 U.S.C. § 362.

On August 28, 2009, this court ordered [DE-12] Plaintiffs' claim against HySky stayed pending the resolution of the Bankruptcy Action. The court later ordered [DE-20], on October 9, 2009, that the Motion for Preliminary Injunction was held in abeyance as to *both* Defendants pending the resolution of the Bankruptcy Action.

## B. Bankruptcy Action

According to HySky, its plan of liquidation ("the Plan") was filed on November 30, 2009, in the Bankruptcy Action. *See* Plan of Liquidation [DE-48-1]. On December 4, 2009, Plaintiffs filed a claim in the Bankruptcy Action. *See* Plaintiffs' Claim [DE-48-2]. In the claim, Plaintiffs sought an award of $539,323.80, and stated that the basis of the claim was "Costs, Fees Fraud." *Id.* In support of their claim in the Bankruptcy Action, Plaintiffs attached a copy of the Complaint in this action.

On January 12, 2010, the Bankruptcy Court entered an Order confirming the Chapter 11

2

Plan in the Bankruptcy Action. *See* January 12, 2010 Confirmation Order [DE-48-3]. The Confirmation Order provides, in part: "The provisions of the Plan and Order shall be, and hereby are now, and forever afterwards shall be, binding on the Debtors, all holders of Claim and Equity Interests (whether or not impaired under the Plan and whether or not, if impaired, they accepted the Plan), any other party interest, any other party making an appearance in these Chapter 11 cases, and any other person or entity affected thereby . . . ." *Id.* at ¶11.

The Bankruptcy Court held a hearing on January 29, 2010 on Plaintiff's claim in the Bankruptcy Action. On February 1, 2010, the Bankruptcy Court disallowed Plaintiffs' claim. *See* February 1, 2010 Order [DE-48-5]. The Bankruptcy Action was closed on April 2, 2010.

## C. Post-bankruptcy

In an order filed on October 15, 2010 [DE-42], the court directed Plaintiffs to file on or before October 29, 2010, a notice informing the court of the status of the bankruptcy proceeding. Plaintiffs timely complied [DE-43], and informed the court the Bankruptcy Action was closed on April 2, 2010. In an order filed on November 10, 2010 [DE-44], the court directed the parties to file memoranda discussing: (1) whether the stay of Plaintiffs' claims, by virtue of the Bankruptcy Action, against Defendant HySky has been lifted; (2) if the stay has been lifted, whether the conclusion of the Bankruptcy Action renders the Motion for Preliminary Injunction in this case moot, and (3) if the stay has been lifted, whether the Bankruptcy Court's ruling disallowing Plaintiffs' claim in the bankruptcy proceeding bars any of Plaintiffs' claims against HySky in this proceeding under the doctrine of res judicata, or whether there is any reason why Plaintiffs may not proceed with any of the claims against HySky because of the conclusion of the bankruptcy proceeding.

3

Plaintiffs and HySky each filed a memorandum in response to the court's order. Included in Plaintiff's memorandum was a "Motion for Appropriate Relief" pursuant to Rule 7(b)(1) of the Federal Rules of Civil Procedure. Plaintiffs request a "sixty (60) day widow discovery order whereby they may propound discovery to HySky."

## II. ANALYSIS

### A. Parties' Responses to the November 10, 2010 Order

The parties' memoranda indicate they are in agreement that the closing of the Bankruptcy Action lifts the stay of Plaintiffs' claims against HySky, pursuant to 11 U.S.C. § 362. They also agree that the conclusion of the Bankruptcy Action renders Plaintiffs' Motion for Preliminary Injunction [DE-8] moot. Accordingly, the Motion [DE-8] is DENIED as moot.

The parties disagree, however, as to whether all of Plaintiffs' claims against HySky in this action are barred under the doctrine of res judicata. HySky argues that *all* of the claims Plaintiffs attempt to assert in this action are barred. Plaintiffs, however, believe their claims for fraud in this proceeding are not subject to dismissal on the basis of res judicata.

"Under the doctrine of res judicata, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.' " *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000)(quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). Consequently, a later claim is precluded under the doctrine of res judicata when:

> 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and 3) the claim in the second matter is based upon the same cause of action involved in the earlier proceeding.

*In re Varat Enter., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996).

" 'The normal rules of res judicata and collateral estoppel apply to the decisions of bankruptcy courts.' " *Turshen v. Chapman*, 823 F.3d 836, 839 (4th Cir. 1987)(quoting *Katchen v. Landy*, 382 U.S. 323, 334 (1966)). Accordingly, a bankruptcy court's order of confirmation operates as a final judgment and has res judicata effect. *See In re Varat*, 81 F.3d at 1315; 11 U.S.C. § 1141(a) (providing that all parties are bound by the terms of a confirmed plan). Moreover, orders allowing or disallowing claims are final, appealable orders, and are entitled to res judicata effect. *See Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525 (9th Cir. 1998); *United States v. Coast Wineries*, 131 F2d 643, 648 (9th Cir. 1942)("[A]n order disallowing a claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata.").

Here, Plaintiffs argue that res judicata only precludes subsequent litigation on those matters "actually and necessarily resolved in the first adjudication," and they contend the Bankruptcy Court never adjudicated the merits of their allegations of fraud. Plaintiffs are incorrect. Even if the court could find that the Bankruptcy Court failed to adjudicate Plaintiffs' claim to the extent it was based on allegations of fraud, that does not give Plaintiffs license to now litigate the fraud claims in this court. The case Plaintiffs cite in support of their argument, *In re Varat Enterprises, Inc.*, does indeed state that "[u]nder *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." 81 F.3d at 1314-15. The Fourth Circuit, however, goes on to explain that the res judicata doctrine encompasses two concepts: claim preclusion and issue preclusion. *Id* at 1315. Claim preclusion–the concept at issue here–"provide[s] that if the later litigation arises from the same cause of action as the first, then

5

Case 5:09-cv-00352-F   Document 58   Filed 12/28/10   Page 5 of 7

the judgment bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *Id.* Issue preclusion, which is also known as collateral estoppel, "operates to bar subsequent litigation of those legal and factual issues common to both actions that were 'actually and necessarily determine by a court of competent jurisdiction' in the first litigation." *Id.* (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). Issue preclusion applies when the subsequent litigation arises from a *different* cause of action. *Id.*

Again, claim preclusion is the operative concept at issue before the court. It is well-settled that for purposes of claim preclusion, "claims are part of the same cause of action when they arise out of the same transaction or series of transactions . . . or the same core of operative facts." *Id.* (internal citations omitted). There can be no dispute that the claim Plaintiffs asserted in the Bankruptcy Action arose out of the same operative facts that give rise to Plaintiffs' claims–including those for fraud–in this court. Indeed, Plaintiffs attached a copy of the Complaint in this action to their claim in the Bankruptcy Action.

Accordingly, the court finds (1) the Bankruptcy Court's order confirming the plan, as well as its order disallowing Plaintiffs' claim against HySky constitute final judgments which were rendered by a court of competent jurisdiction and in accordance with the requirements of due process; (2) the parties are identical between this action the Bankruptcy Action, and (3) Plaintiffs' claims against HySky in this action are identical to the claim filed by Plaintiffs in the Bankruptcy Action. Plaintiffs' claims against HySky therefore are barred, and are DISMISSED.

**B. Motion for Appropriate Relief**

In their Motion for Appropriate Relief, Plaintiffs request that "[w]hether some, or all, of

6

Plaintiffs' claims against HySky are barred in this current proceeding, Plaintiffs move this Honorable Court for a short period of discovery to obtain needed records from HySky before any claim against HySky is otherwise dismissed." Mot. for Approp. Relief [DE-52] at pp. 3-4. Plaintiffs cite no persuasive authority in support of this request. The motion is DENIED.[1]

### III. CONCLUSION

For the foregoing reasons, the court hereby ORDERS that:

(1) the stay in this action as to Defendant HySky is lifted,

(2) the Motion for Preliminary Injunction [DE-8] is DENIED as moot,

(3) Plaintiffs' claims against HySky are DISMISSED, and

(4) Plaintiffs' Motion for Appropriate Relief [DE-52] is DENIED.

SO ORDERED. This the 28th day of December, 2010.

James C. Fox
Senior United States District Judge

---

[1] This ruling is without prejudice to Plaintiffs filing a motion to compel with regard to Highland on the basis that the requested documents are, in fact, under the custody or control of Highland. *See Steele Software Sys., Corp. v. DataQuick Inf. Sys., Inc.*, 237 F.R.D. 561, 564 (D. Md. 2006). The ruling also is without prejudice to Plaintiffs to move for leave to reopen the discovery period for the sole purpose of obtaining information from HySky pursuant to Rules 34(c) and 45 or any other applicable Federal Rules of Civil Procedure.