IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CV-352-F

| | | |
|---|---|---|
| THE NEIGHBORS LAW FIRM, P.C.<br>and PATRICK E. NEIGHBORS,<br><br>Plaintiffs,<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT,<br>L.P., and HYSKY COMMUNICATIONS,<br>LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **ORDER** |

This case comes before the court on the motion (D.E. 46)[1] by plaintiffs The Neighbors Law Firm, P.C. ("Neighbors Firm") and Patrick E. Neighbors ("Neighbors") (collectively "plaintiffs") to compel and for sanctions. Defendant Highland Capital Management, LP ("defendant") filed a memorandum (D.E. 47) in opposition. For the reasons set forth below, the motion will be denied without prejudice.

The record shows that plaintiffs and defendant have not had a substantive discussion regarding their differences over plaintiffs' discovery requests. Fed. R. Civ. P. 37(a)(1) and Local Civil Rule 7.1(c), E.D.N.C., require that a party filing a motion to compel include a certification that the movant in good faith conferred or attempted to confer with the other party before filing the motion with the court. *See Cassell v. Monroe*, 5:10-CT-3023-BO, 2010 WL 5125339, at *2 (E.D.N.C. 7 Dec. 2010) (denying motions to compel that failed to comply with rule requiring certification of good faith efforts to resolve discovery disputes). Although plaintiffs' motion

---

[1] Plaintiffs initially filed the motion on 12 November 2010 (D.E. 45) and refiled it in its current form with corrected exhibits on 16 November 2010. The Clerk is directed to terminate the original motion (D.E. 45) as moot.

contains a certification by counsel that a good faith informal effort to resolve the discovery disputes was made (based on one email to defendant's outside counsel), plaintiffs could certainly have pursued resolution of the disputes with more vigor. At the same time, defendant's response indicates that many of the differences over the discovery requests are susceptible to resolution by the parties themselves without active court intervention. (Def.'s Mem. (D.E. 47) 3-4).

In light of plaintiffs' failure to adequately comply with Fed. R. Civ. P. 37(a)(1) and Local Rule 7.1(c), E.D.N.C., the motion to compel and for sanctions is denied without prejudice. If after the parties confer in person or by telephone regarding each interrogatory and request for production that is in dispute there remain differences they are unable to resolve, plaintiffs shall be permitted to refile a motion to compel responses to the particular discovery requests then remaining in dispute. Any such motion shall be filed by 16 February 2011.

SO ORDERED, this 13 day of January 2011.

James E. Gates
United States Magistrate

2

Case 5:09-cv-00352-F   Document 64   Filed 01/14/11   Page 2 of 2