UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-352-F

| THE NEIGHBORS LAW FIRM, P.C. and PATRICK E. NEIGHBORS, | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) ) | |
| v. | ) ) | ORDER |
| HIGHLAND CAPITAL MANAGEMENT, L.P. and HYSKY COMMUNICATIONS, LLC, | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the Motion for Leave to File Summary Judgment Motion [DE-53] filed by Defendant HySky Communications, LLC ("HySky"). The motion is ripe for ruling.

## I. RELEVANT PROCEDURAL HISTORY

On June 30, 2009, Plaintiffs The Neighbors Law Firm, P.C. and Patrick E. Neighbors (collectively, "Plaintiffs") filed an action against Defendants Highland Capital Management, L.P. ("Highland") and HySky in the General Court of Justice, Superior Court Division, Wake County, North Carolina. In the Original Complaint, Plaintiffs alleged they rendered legal services to Defendants and Defendants failed to pay for such services, and asserted various claims for relief. On August 6, 2009, Defendants removed the action to this court.

On August 10, 2009, Plaintiffs filed an Amended Complaint. On August 28, 2009, this court ordered Plaintiffs' claims against HySky stayed as a result of the bankruptcy petition filed by HySky in the Northern District of Texas on August 13, 2009.

Plaintiffs filed a Partial Motion for Summary Judgment on January 7, 2010, prior to any

discovery being conducted in the case. In the Partial Motion for Summary Judgment, Plaintiffs sought judgment only against Highland on their claims for breach of contract, implied contract and *quantum meruit*. Once briefing on the Partial Motion for Summary Judgment was complete, the undersigned referred the motion to United States Magistrate Judge James E. Gates to prepare a Memorandum and Recommendation (M&R) pursuant to 28 U.S.C. § 636(b)(1)(B) on April 7, 2010. That same day, Judge Gates issued a Scheduling Order which provided, in pertinent part, that all potentially dispositive motions must be filed by October 11, 2010.

On August 16, 2010, Judge Gates issued his M&R, recommending that Plaintiffs' Partial Motion for Summary Judgment be denied because of the existence of a number of basic issues of material fact. Plaintiffs filed their Objections to the M&R, asserting that no issues of material fact existed. The undersigned undertook a *de novo* review of the record, agreed with Judge Gates' recommendations, and denied Plaintiffs' Partial Motion for Summary Judgment in an Order filed on September 24, 2010.

Highland failed to file a motion for summary judgment of its own prior to the October 11, 2010, deadline set forth in the Scheduling Order. Instead, on December 19, 2010, Highland filed the instant Motion for Leave to File Summary Judgment.

In an Order filed on December 28, 2010, the court dismissed Plaintiffs' claims against HySky, finding that the conclusion of the bankruptcy action in the Northern District of Texas barred Plaintiffs' claims. The case is presently set for a jury trial on the court's February 28, 2011, term of court.

## II. ANALYSIS

### A. Standard of Review

At the outset, the court must determine the appropriate standard of review to evaluate Highland's motion. Highland does not cite to any Federal Rules of Civil Procedure or any other authority in support of its request to file the motion for summary judgment out of time. Plaintiffs, for their part, argue that Highland's motion must be evaluated under Federal Civil Rule 6(b)(1)(B), which provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FED.R.CIV.P. 6(b)(1)(B).

The court finds, however, that Rule 16(b)(4) governs the disposition of this motion. The October 11, 2010, deadline for filing potentially dispositive motions was established by the Scheduling Order in this case. By seeking leave to file its Motion for Summary Judgment, Highland is really asking the court to amend the Scheduling Order. Rule 16 provides that where a date is set in a scheduling order, "it may be modified only for good cause." FED.R.CIV.P. 16(b)(4). "The good cause modification provision specific to Rule 16(b)(4) takes precedence over the generally applicable extension provisions of Rule 6(b)(1)." *Richardson v. United States*, No. 5:08-CV-260-D, 2010 WL 3855193, at *3 (E.D.N.C. Sept. 30, 2010)(citing *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F.Supp. 959, 980 (D.S.C. 1997), *aff'd* 129 F.3d 116 (4th Cir. 1997); *Corkrey v. Internal Revenue Serv.*, 192 F.R.D. 66, 67 (N.D.N.Y. 2000)). Accordingly, the court will apply the "good cause" standard of Rule 16(b)(4) in determining whether Highland's motion for leave should be allowed.

3

Rule 16(b)(4) "expressly limits modification of scheduling orders to 'good cause' and thus does not permit alteration of deadlines based upon a showing of 'extraordinary circumstances' or 'in the interest of justice.' " *Halpern v. Wake Forest Univ. Health Sciences*, 268 F.R.D. 264, 273 (M.D.N.C. 2010). "[T]he touchstone of 'good cause' under Rule 16(b) is diligence." In other words, the focus of the "good cause" inquiry is "on the diligence of the party seeking modification of the scheduling order." *Dilmar*, 986 F.Supp. at 980. Thus, a court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." FED.R.CIV.P. 16(b) advisory committee's note to 1983 amendment.

## B. Analysis

With this standard of review in mind, the court cannot escape the conclusion that Highland has failed to show "good cause" in support of its motion. Highland's only asserted basis for the motion for leave is that "consideration of this motion for summary judgment will eliminate or greatly narrow the issues for trial . . . and thereby great conserve judicial resources and jury time" and that "these issues will need to be addressed in any event, if the trial proceeds, on motion for judgment as a matter of law under Rule 50." Mot. for Leave [DE-53] ¶ 5. These contentions, which at bottom amount to an "interest of justice" argument, do not establish good cause. Nowhere in the motion does Highland explain what circumstances prevented it from filing its motion for summary judgment on or before October 11, 2010. This omission is especially glaring considering that Highland states that its proposed motion for summary judgment "relies upon evidence already in record in connection with Plaintiffs' prior motion for partial summary judgment and analyzed in the M&R and subsequent Order." *Id.* ¶ 3.

In sum, there is no suggestion from either Highland's Motion or the record that Highland was unable to file a motion for summary judgment by the October 11, 2010 deadline despite the exercise of its diligence. The court is of course jealous of its time and that of the jurors who provide their fellow citizens with a valuable service. This purported reason for filing the motion for summary judgment out of time does not, however, suffice to establish good cause. Consequently, Highland's Motion for Leave to File Summary Judgment Motion [DE-53] is DENIED.

### III. CONCLUSION

For the foregoing reasons, Highland's Motion for Leave to File Summary Judgment Motion [DE-53] is DENIED.

SO ORDERED. This the 24th day of January, 2011.

James C. Fox
Senior United States District Judge