IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CV-352-F

| | | |
|---|---|---|
| THE NEIGHBORS LAW FIRM, P.C. and PATRICK E. NEIGHBORS, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **ORDER** |
| HIGHLAND CAPITAL MANAGEMENT, L.P., and HYSKY COMMUNICATIONS, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

This case comes before the court on the motion (D.E. 69) by defendant Highland Capital Management, LP ("defendant") to quash the subpoena issued by plaintiffs for a *de bene esse* deposition of Niles K. Chura ("Chura") or for a protective order, including a request for expedited briefing. Plaintiffs The Neighbors Law Firm, P.C. and Patrick E. Neighbors (collectively "plaintiffs") filed a motion (D.E. 71) opposing defendant's request for expedited briefing to which defendant has responded (D.E. 73). The motions have been referred to the undersigned for disposition pursuant to 28 U.S.C. §636(b)(1)(A). (*See* Minute Entry after D.E. 75). For the reasons set forth below, defendant's motion will be denied in part and allowed in part. Plaintiffs' motion will be denied as moot.

## BACKGROUND

### I. PROCEDURAL HISTORY

Plaintiffs filed their original complaint on 20 June 2009 in Wake County Superior Court against defendant and HySky Communications, LLC ("HySky"). (*See* Compl. (D.E. 1-1 at 5)). On 6 August 2009, they removed the case to this court on the basis of the court's diversity jurisdiction

under 28 U.S.C. § 1332. (*See* Removal Notice (D.E. 1)). On 7 May 2010, plaintiffs filed their second amended complaint (D.E. 36), the current version.[1] It assert eleven causes of action, including claims for breach of contract, *quantum meruit,* and fraud. Highland denies any wrongdoing and asserts numerous affirmative defenses in its answer (D.E. 38). The action against Hysky had been stayed because of bankruptcy proceedings (*see* D.E. 12), but the stay was lifted and Hysky has been dismissed (*see* D.E. 58).

The discovery period ended on 27 September 2010 (*see* D.E.32 at 1 ¶ 1), subject to a limited, consensual exception (*see* D.E. 63). The final pretrial conference is scheduled for next Wednesday, 16 February 2011. In accordance with that order, the parties filed their proposed final pretrial order with proposed verdict forms yesterday (D.E. 72, 74, 75). The trial is scheduled for 28 February 2011. (*See* D.E. 60).

## II.   FACTUAL BACKGROUND

In this action, plaintiffs, an attorney and his law firm, seek recovery of legal fees in the amount of $131,530.00 allegedly incurred from December 2006 to September 2007 for performance of due diligence work in connection with an asset purchase by HySky. They also seek costs of $3,300.95 allegedly incurred from January 2008 to December 2008 in connection with services they provided to HySky as general counsel.

Chura is allegedly a former employee of defendant who made the initial contact to procure legal services from plaintiffs. (Affidavit of Patrick Neighbors (D.E. 21-2) ¶¶ 2-3). Plaintiffs allege

---

[1] The amended complaints are partial amendments to the original complaint and do not reassert all of plaintiffs' allegations. The first amended complaint added two claims (the eighth and ninth), and the current, second amended complaint added two more claims (the tenth and eleventh). While Highland's first two answers include responses to each paragraph of plaintiffs' allegations, the answer to the second amended complaint provides specific responses to only the additional allegations of the second amended complaint. All of Highland's answers include affirmative defenses.

that Chura negotiated the fee arrangements on behalf of defendant that are the subject of the instant lawsuit. (*Id.* ¶ 4).

On 28 January 2011, plaintiffs issued their initial notice and subpoena for Chura's deposition, setting it for 18 February 2011. (*See* D.E. 70-1). Two days later, on 30 January 2011, plaintiffs issued an amended notice and a new subpoena moving the deposition up by three days, to next Tuesday, 15 February 2011. (*See* D.E. 70-2). The deposition is noticed to be taken in McLean, Virginia.

## DISCUSSION

As indicated, defendant's motion seeks an order quashing the subpoena for Chura's deposition or a protective order barring it. The quashing remedy is not available in this court because the subpoena issued, as required, from the United States District Court for the Eastern District of Virginia. *See* Fed. R. Civ. P. 45(a)(2)(B) ("A subpoena must issue . . . for attendance at a deposition, from the court for the district where the deposition is to be taken."). Only that court may quash the subpoena. *See id.* 45(c)(3)(A), (B) (providing the "issuing court" authority to quash a subpoena). The portion of defendant's motion seeking an order quashing the subpoena will therefore be denied.

In contrast, defendant may properly seek a protective order from this court. Rule 26 provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1).[2] The "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden

---

[2] Defendant does not cite Rule 26 as a basis for its motion, but instead relies on Federal Civil Rules 16, 30, and 45, and Local Civil Rule 16.1. (See Def.'s Mot. 2). Defendant does, however, expressly request a "protective order." (*See id.* 1, 2). The court therefore deems defendant, by implication, to be relying on the protective order provisions of Rule 26.

3

or expense." Fed. R. Civ. P. 26(c)(1). Such orders may prescribe, among other measures, "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Id.* (c)(1)(D). A party moving for a protective order has the burden of making a particularized showing of why discovery should be denied, and conclusory or generalized statements in the motion fail to meet this burden. *Smith v. United Salt Co.*, No. 1:08CV00053, 2009 WL 2929343, at *5 (W.D. Va. 9 Sept. 2009).

Defendant challenges the Chura deposition on several grounds. As discussed below, while several of them have merit and call for some relief, none warrant preclusion of the deposition.

One objection is that the deposition is too close to trial. The court disagrees. Chura is a central figure in this litigation and plaintiff's case in particular, as the record makes clear. (*See, e.g.*, 16 August 2010 Mem. & Rec'n (D.E. 39) (recommending denial of partial summary judgment and discussing Chura and related evidence throughout); 24 Sept. 2010 Order (D.E. 41) (adopting D.E. 39 with modifications and discussing Chura and related evidence throughout). It was foreseeable that plaintiffs could seek to present his testimony. They could have done so at trial, although that would appear to have required Chura to appear voluntarily. Instead, they have chosen to obtain his testimony through a *de bene esse* deposition using compulsory process. The Fourth Circuit, this court, and other courts continue to recognize the distinct role of a *de bene esse* deposition to preserve trial testimony and to distinguish it from a deposition taken for the purpose of discovery. *See, e.g., Tatman v. Collins*, 938 F.2d 509, 510 (4th Cir. 1991) (recognizing the distinct purpose of *de bene esse* depositions to preserve testimony for use at trial); *Lucas v. Pactiv Corp.*, No. 5:08CV79, 2009 WL 5197838, at *4 (W.D. Va. 22 Dec. 2009) (denying defendant's motion to quash *de bene esse* depositions and rejecting defendant's argument that the depositions should have been taken during

the discovery period); *Bouygues Telecom, S.A. v. Tekelec, Inc.*, 238 F.R.D. 413, 414 (E.D.N.C. 2006) (noting distinction between discovery and *de bene esse* depositions); Local Civil Rule 32.1 (E.D.N.C.) ("Depositions *de bene esse* may be taken outside of the period of discovery.").

The date of the deposition is about two weeks out from trial. In other words, Chura will be testifying about two weeks earlier than he could have been testifying had he been called at trial. The court does not believe this scheduling, subject to the relief provided below, materially prejudices defendant. The deposition is coming over four months after the general close of discovery. Defendant has had ample time to prepare its case. The timely submission of the proposed final pretrial order with proposed verdict forms substantiates that it is in the final stages of trial preparation. At the same time, the date of the deposition is far enough out from trial not to disrupt final preparation for it. Indeed, taking Chura's testimony before the trial will eliminate what could otherwise have been a live trial witness and should thereby reduce the amount of time needed after the deposition for trial preparation.

Moreover, the deposition was noticed (on 30 January 2011) more than two weeks before it is scheduled to occur (on 15 February 2011). This period, too, is a reasonable one that should be sufficient for adequate preparation by defendant.[3]

Defendant also objects that the deposition represents an end run around the discovery schedule. But plaintiffs were under no obligation to take a discovery deposition of Chura. As discussed, they had available to them under the circumstances of record the option of a *de bene esse* deposition, which they chose to employ. The taking of the deposition outside the discovery period

---

[3] In their motion, plaintiffs state that they told defendant at the mediation on 19 January 2011 that they intended to take the *de bene esse* deposition of Chura. (Plfs.' Mot. 1 ¶ 1). Defendant does not dispute this claim in its response. Plaintiffs' intent to proceed with the deposition was, of course, also evident from their initial deposition notice of 28 January 2011.

5

is not per se improper. Again as noted, Local Civil Rule 32.1 provides that "[d]epositions *de bene esse* may be taken outside of the period of discovery."

Defendant also complains that by the timing of the deposition it will be deprived of the opportunity to obtain discovery regarding matters about which Chura may testify. Obviously, though, it has had ample opportunity to pursue discovery regarding Chura, including itself taking Chura's deposition. Any prejudice it suffers from not having pursued discovery regarding Chura is of its own making.

Defendant is on firmer ground in arguing that the deposition will disrupt the schedule for the final pretrial conference and thereby finalizing the pretrial order. If such disruption were unavoidable, the deposition might well be subject to cancellation. The schedule for final pretrial proceedings can, however, be adjusted to accommodate the deposition. Specifically, as provided below, the final pretrial conference will be moved to 4:00 p.m. on Friday, 18 February 2011, and the parties will be required to file a revised proposed final pretrial order reflecting any changes necessitated by the Chura deposition by 2:00 p.m. that day. In addition, plaintiffs will have to bear the expense of expedited preparation of the transcript of the deposition and the related video.

In allowing the deposition to proceed, the court is not indicating its approval of the timing of Chura's deposition. Absent compelling circumstances, plaintiffs would have been well advised to schedule it earlier and thereby avoid altogether the issues the actual scheduling has presented. But Chura represents a key figure in plaintiffs' case and defendant has known that since the early days of this case, if not before. In light of the absence of material prejudice to defendant from the timing of the deposition and the general policy favoring disposition of cases on their merits, the court does not believe it would be just to prevent the deposition from going forward. *See Stewart v. Astrue*, 552

F.3d 26, 28 (1st Cir. 2009) (noting that "federal law favors the disposition of cases on the merits"); *see also Foman v. Davis*, 371 U.S. 178, 181-82 (1962) ("It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities [as were presented].") (citing Fed. R. Civ. P. 1 ("These rules . . . should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.")).

The court's disposition of defendant's motion moots plaintiffs' motion for relief from expedited briefing. It will therefore be denied as such.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED as follows:

1. The portion of defendant's motion seeking the quashing of the subpoena for the *de bene esse* deposition of Chura, pursuant to Rule 45(c)(3), is DENIED.

2. The portion of the motion seeking a protective order regarding the deposition, pursuant to Rule 26(c), is ALLOWED IN PART and DENIED IN PART on the following terms:

    a. The deposition shall proceed as noticed for next Tuesday, 15 February 2011.

    b. Plaintiffs shall be responsible for arranging, prior to the deposition, for preparation and receipt by defendant's counsel of the final version of the transcript of the deposition and the video of it within 24 hours after completion of the deposition. Plaintiffs shall also arrange beforehand for real-time transcription of the deposition (*i.e.*, transcription of the testimony as it is being given) at the request of defendant's counsel, if defendant's counsel in good faith deem it necessary for preparation of any supplementation or revision by them of the proposed final pretrial order due to the deposition. The costs arising from the expedited preparation of the transcript and

video, including the cost of any real-time transcription, shall be borne by plaintiffs. Failure by plaintiffs to comply with the foregoing requirements may be deemed grounds to exclude the testimony taken at the deposition from evidence at trial.

  c. The final pretrial conference shall be rescheduled for Friday, 18 February 2011, at 4:00 p.m. in the Fifth Floor Courtroom of the Terry Sanford Federal Building and Courthouse, 310 New Bern Avenue, Raleigh, North Carolina.

  d. A revised proposed final pretrial order reflecting any supplementation or revision necessitated by the Chura deposition shall be filed by 2:00 p.m. on 18 February 2011.

  e. Except as modified herein, all provisions in the order for the final pretrial conference (D.E. 68) shall remain in full force and effect.

3. Plaintiffs' motion opposing expedited briefing (D.E. 71) is DENIED as moot.

SO ORDERED, this 10th day of February 2011.

              _____
              James E. Gates
              United States Magistrate