IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CV-352-F

THE NEIGHBORS LAW FIRM, P.C. )
and PATRICK E. NEIGHBORS, )
                                            )
                     Plaintiffs, )
                                            )
                        v. )                       ORDER
                                            )
HIGHLAND CAPITAL MANAGEMENT, )
L.P., and HYSKY COMMUNICATIONS, )
LLC, )
                                            )
                   Defendants. )

This case comes before the court on the motion (D.E. 77) by plaintiffs The Neighbors Law Firm, P.C. ("Neighbors Firm") and Patrick E. Neighbors ("Neighbors") (collectively "plaintiffs") to compel. The motion to compel is supported by a memorandum of law (D.E. 79) and exhibits (D.E. 79-1 through 79-10). Defendant Highland Capital Management, LP ("defendant") filed a memorandum (D.E. 93) with exhibits (D.E. 93-1 through 93-3) in opposition.[1] For the reasons and on the terms set forth below, the motion will be allowed.[2]

## BACKGROUND

### I. PROCEDURAL HISTORY

Plaintiffs filed their original complaint on 20 June 2009 in Wake County Superior Court against defendant and HySky Communications, LLC ("HySky"). (*See* Compl. (D.E. 1-1 at 5)). On 6 August 2009, defendant and HySky removed the case to this court on the basis of the court's

---

[1] Because this matter has an impending trial date, defendant's response time to the motion to compel was shortened by the court. (*See* 18 Feb. 2011 Minute Entry (D.E. 81)). Defendant's filing was timely received.

[2] This Order supplements the text order (D.E. 95) entered on plaintiffs' motion earlier today.

diversity jurisdiction under 28 U.S.C. § 1332. (*See* Removal Notice (D.E. 1)). On 7 May 2010, plaintiffs filed their second amended complaint (D.E. 36), the current version.[3] It asserts eleven causes of action, including claims for breach of contract, *quantum meruit,* and fraud. Defendant denies any wrongdoing and asserts numerous affirmative defenses in its answer (D.E. 38). The action against Hysky had been stayed because of bankruptcy proceedings (*see* D.E. 12), but the stay was lifted and Hysky has been dismissed (*see* D.E. 58).

Plaintiffs served their First Request for Production of Documents on 24 August 2010. (D.E. 79-2). Defendant served its responses on 27 September 2010. (D.E. 79-3). Plaintiffs subsequently filed a motion (D.E. 46) to compel responses to various discovery requests, including certain requests for production. The motion was denied on the grounds that plaintiffs failed to demonstrate that the parties had meaningfully conferred in good faith before the motion was filed, as required by Fed. R. Civ. P. 37(a)(1) and Local Civil Rule 7.1(c), E.D.N.C. (14 Jan. 2011 Order (D.E. 64)). Plaintiffs were permitted to refile their motion to compel by 16 February 2011. They filed the instant motion by that deadline. This case is set down for trial at the 28 February 2011 session of court.

## II. FACTUAL BACKGROUND

In this action, plaintiffs, an attorney and his law firm, seek recovery of legal fees in the amount of $131,530.00 allegedly incurred from December 2006 to September 2007 for performance of due diligence work in connection with an asset purchase by HySky. They also seek costs of

---

[3] The amended complaints are partial amendments to the original complaint and do not reassert all of plaintiffs' allegations. The first amended complaint added two claims (the eighth and ninth), and the current, second amended complaint added two more claims (the tenth and eleventh). While Highland's first two answers include responses to each paragraph of plaintiffs' allegations, the answer to the second amended complaint provides specific responses to only the additional allegations of the second amended complaint. All of Highland's answers include affirmative defenses.

2

$3,300.95 allegedly incurred from January 2008 to December 2008 in connection with services they provided to HySky as general counsel.

Plaintiffs' motion seeks to compel further responses to their Request for Production of Documents No. 6. Request No. 6 sought copies of all email communications from Clay Callan to four other individuals between 1 February 2009 and 30 April 2009. Specifically, the request sought:

> [C]opies of all email communications from Clay Callan to Kenneth Toudouze, Kevin Vandegrift, Chuck McQueary, or Gustavo Prilick, regardless whether the recipient was listed as 'Courtesy Copied (cc:)' or 'Blind Courtesy Copied (bcc:)' between 1 February 2009 and 30 April 2009. All replies and forwards should be complete communication trails, and not truncated in any way. Electronically stored information or meta-data should accompany all documents.

(Prod. Req. No. 6). In its written response to Request No. 6 (D.E. 79-3 at p. 5), defendant objected to the request as overly broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.[4] There was no objection based on privilege.

In the course of their mandatory discussions over the request, plaintiffs agreed to modify the scope of the request to the following:

> [A]ll communications between March 15, 2009 and April 30, 2009 from Clay Callan to any individual regarding, in any respect, the release of all claims that was sent to Plaintiffs on or about March 26, 2009 by Kevin Van De Grift. The communications shall include all replies and forwards by Clay Callan without truncation and include the electronically stored information.

(30 Dec. 2010 Email from Neighbors to Allen (D.E. 79-5 at p. 1); *see also* Pls.' Mot. 2 ¶ 6). In response, defendant produced numerous documents, but apparently withheld others on the grounds

---

[4] Defendant's response reads in full: "Highland objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, Highland objects this Request is not limited to the alleged work of Plaintiffs and/or to the allegations of Plaintiffs' claims. Highland additionally objects to the instruction that communications should 'not be truncated in any way' as imposing requirements over and above the Federal Rules of Civil Procedure. Highland further objects to the instruction that 'meta-data should accompany all documents' as vague and as imposing requirements beyond those of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 34(a)(1)(A) and 34(b)(2)(E). Subject to, and without waiving such objections, Highland will search for and produce responsive documents, if any."

3

of privilege. (*See* 4 Jan. 2011 Email from Allen to Neighbors (D.E. 79-5)). Defendant invoked privilege even though the withheld emails concern potential attorney-client information between HySky and its counsel, rather than defendant and its counsel, on the theory that the common interest or joint defense privilege applies. Defendant produced no log of the withheld documents. (Pls.' Mot. 5).

## DISCUSSION

Defendant opposes plaintiffs' motion on two principal grounds: that they failed to confer adequately before filing their motion and that the emails sought are protected from disclosure by the common interest privilege. The court will examine each of these grounds after review of applicable legal principles.

I.     **APPLICABLE LEGAL PRINCIPLES**

    A.     **Discovery**

The Federal Civil Rules enable parties to obtain information by serving requests for discovery on each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Equal Employment Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

Rule 34 controls requests for production of documents. *See generally* Fed. R. Civ. P. 34. A party asserting an objection to a particular request "must specify the part [they object to] and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). Unlike Rule 33 which pertains to interrogatories, Rule 34 does not expressly provide that failure to object constitutes a waiver of said objections. Courts have nevertheless generally held that to be the case absent extraordinary circumstances. *Wilhelm v. Cain*, No. 3:10-cv-109, 2011 WL 128568, at *4 (N.D. W.Va 14 Jan. 2011) ("As a general rule, untimely objections to discovery requests are waived."); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) (noting that the Advisory Committee notes to Rule 34 state that "[t]he procedure provided in Rule 34 is essentially the same as that in Rule 33"); *Cappetta v. GC Servs. Ltd. Pship*, No. 3:08CV288, 2008 WL 5377934, at *4 (E.D. Va. 24 Dec. 2008) ("Where a party has taken no precautions to properly assert the privilege, and has allowed time to pass without clarifying the basis for its assertion of privilege, waiver of the privilege may be an appropriate sanction.")

In addition, where the objection asserted is one of privilege, a party must expressly assert it in response to the particular discovery request involved and serve with his discovery responses a

privilege log in conformance with Fed. R. Civ. P. 26(b)(5)(A). Failure to timely serve a privilege log meeting the requirements of Rule 26(b)(5)(A) may be deemed a waiver of the privilege otherwise claimed. *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 577 (D. Md. 2010) ("Absent consent of the adverse party, or a Court order, a privilege log (or other communication of sufficient information for the parties to be able to determine whether the privilege applies) must accompany a written response to a Rule 34 document production request, and a failure to do so may constitute a forfeiture of any claims of privilege.").

Rule 37 allows for the filing of a motion to compel where a party fails to provide discovery responses. Fed. R. Civ. P. 37(a)(3)(B). However, Federal Civil Rule 37(a)(1) and Local Civil Rule 7.1(c), E.D.N.C., require that a party filing a motion to compel include a certification that the movant in good faith conferred or attempted to confer with the other party before filing the motion with the court. *See Cassell v. Monroe*, 5:10-CT-3023-BO, 2010 WL 5125339, at *2 (E.D.N.C. 7 Dec. 2010) (denying motions to compel that failed to comply with rule requiring certification of good faith efforts to resolve discovery disputes).

### B. Common Interest Privilege

Defendant asserts that the common interest or joint defense privilege protects disclosure of the withheld documents. This privilege extends the protection of the attorney-client privilege to communications between parties who share a common litigation interest. "For the privilege to apply, the proponent must establish that the parties had 'some common interest about a legal matter.'" *In re Grand Jury Subpoena Under Seal*, 415 F.3d 333, 341 (4th Cir. 2005) (quoting *Sheet Metal Workers Int'l Assoc. v. Sweeney*, 29 F.3d 120, 124 (4th Cir.1994)); *Flo Pac, LLC v. NuTech, LLC*, No. WDQ-09-510, 2010 WL 5125447, at *10 (D. Md. 9 Dec. 2010) ("It 'permits parties whose legal

6

interests coincide to share privileged materials with one another in order to more effectively prosecute or defend their claims.'") (quoting *Hunton & Williams v. U.S. Dep't of Justice*, 590 F.3d 272, 277 (4th Cir. 2010)). A party requesting that the court apply this rule must "demonstrate that (1) the communicating parties shared an identical legal interest, (2) the communication was made in the course of and in furtherance of the joint legal effort, and (3) the privilege had not been waived.'" *Flo Pac*, 2010 WL 5125447, at *10 (citing *Glynn v. EDO Corp.*, 2010 WL 3294347 (D.Md. 20 Aug. 2010); *Mainstreet Collection*, 270 F.R.D. 238, 2010 WL 3945107, at *4)).

## II. ANALYSIS OF PLAINTIFFS' MOTION

### A. Plaintiffs' Alleged Failure to Adequately Confer

Defendant asserts as its principal argument in opposition to the motion to compel plaintiffs' purported failure to confer adequately before filing their motion. While plaintiffs could arguably have made further efforts to resolve the dispute over Request No. 6, the court cannot say that plaintiffs have failed to meet their obligation under the various rules to attempt to resolve this dispute without court intervention. Indeed, the parties succeeded in narrowing their dispute to a single production request and, even as to that request, defendant made a partial production. The matter was seemingly not resolved as a result of defendant's assertion of a privilege objection. Even when faced with substantially less effort to resolve a discovery dispute, courts have seen fit to proceed to determination of the dispute on the merits. *See, e.g., Madison v. Harford County, Md.*, 268 F.R.D. 563, 564-65 (D. Md. 2010) (considering merits of motion to compel even where plaintiff did not comply with rule requiring a certification that the parties conferred in good faith before filing motion). The court accordingly rejects this challenge by defendant to plaintiffs' motion.

## B. Defendant's Claim of Privilege

The other challenge raised by defendant to plaintiffs' motion—the common interest privilege—fares no better. It suffers from several fatal flaws.

First, defendant did not assert privilege in its response to Request No. 6. By such failure, defendant waived any privilege it had. *See Mainstreet Collection*, 270 F.R.D. at 240.

Second, defendant has not provided plaintiffs with a privilege log for any of the withheld documents, even though the request has been outstanding for months and the trial date is a mere matter of days away. This failure serves as an additional, independent ground upon which defendant waived any privilege it had. *See AVX Corp. v. Horry Land Co., Inc.*, No. 4:07-cv-3299, 2010 WL 4884903, at *4 (D.S.C. 24 Nov. 2010) ("Failure to produce a timely or sufficient privilege log may constitute a forfeiture of any claims of privilege.").

Finally, even if defendant had not waived its right to assert privilege, it has failed to establish that any privilege is applicable to the documents in question. Defendant conclusorily asserts that the common interest privilege applies, relying on the fact that Highland is an equity shareholder in HySky and that plaintiffs have asserted a veil-piercing claim about their relationship. (*See* Def.'s Mem. 3). But the fact that Highland is an equity shareholder in HySky does not necessarily entitle it to the benefit of the common interest privilege. *See United States v. Okun*, 281 Fed. Appx. 228, 231-32 (4th Cir. 2008) (refusing to apply common interest privilege to sole shareholder of a company where no evidence was presented that shareholder and company were represented by separate legal counsel engaged in a joint strategy). Moreover, Highland denies plaintiffs' claims concerning veil-piercing and expressly states in its answer to the amended complaint that "Highland and HySky are distinct and separate corporate entities." (Def.'s Ans. (D.E. 38) 5 ¶ 27 (20th Affirm.

Def.). For this and the other reasons stated, defendant's claim of privilege fails and the motion will be allowed.[5]

In ordering production, the court will use the modified version of Request No. 6 to which plaintiffs agreed in their discussions with defendant to resolve the dispute, as set forth above, with one exception. The court will retain the specification of four named individuals to whom the emails were sent, rather than use the phrase "any individual" to describe recipients. The specification of the four named persons appears to be more limited in scope than the "any individual" language. While plaintiffs could properly reduce the scope of Request No. 6 in discussions with defendant, the court does not believe they could appropriately expand its scope, absent consent of defendant, which they have not shown they received.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that:

1. Plaintiffs' motion (D.E. 77) is ALLOWED;

2. Defendant shall produce to plaintiffs' counsel by 5:00 p.m. today, 23 February 2011, all documents sought in Request for Production No. 6, modified to read as follows: Copies of all email communications from Clay Callan to Kenneth Toudouze, Kevin Vandegrift, Chuck McQueary, or Gustavo Prilick, regardless of whether the recipient was listed as courtesy copied (cc:) or blind courtesy copied (bcc:), between 15 March 2009 and 30 April 2009, regarding, in any respect, the release of all claims sent to plaintiffs on or about 26 March 2009 by Kevin Vandegrift. The

---

[5] In light of the court's determination, it need not consider plaintiffs' additional argument that defendant's selective filing of certain emails in opposition to plaintiffs' summary judgment motion amounted to a subject matter waiver of the privilege.

communications shall include all replies and forwards by Clay Callan without truncation and include the electronically stored information (*i.e.*, metadata);

3. Each side shall bear its own expenses incurred in connection with the motion. *See* Fed. R. Civ. P. 37(a)(5)(A); and

4. In the event any party seeks any additions to or other changes in the Final Pretrial Order (D.E. 92) as a result of the production of documents provided for herein, the parties shall file a proposed Amended Final Pretrial Order no later than 2:00 p.m. on Friday, 25 February 2011.

SO ORDERED, this 23rd day of February 2011.

James E. Gates
United States Magistrate