UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-352-F

| | |
|---|---|
| THE NEIGHBORS LAW FIRM, P.C. and PATRICK E. NEIGHBORS, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>HIGHLAND CAPITAL MANAGEMENT, L.P. and HYSKY COMMUNICATIONS, LLC, )<br>)<br>Defendants. ) | ORDER |

This matter is before the court following the pretrial hearing held in Wilmington, N.C., on Thursday, March 3, 2011, at 10:00 a.m. This order memorializes and clarifies rulings made during the hearing.

With regard to the motions in limine, the court makes the following rulings:

1. Plaintiffs' First Motion in Limine [DE-85] is ALLOWED in part and DENIED in part. As discussed at the hearing, the following Defendant's Exhibits are not admitted at trial: Defendant's Exhibits # 103, 104, 116, 117, 119, 120, 144, 126, 127, 128, 130, 131, 132, 133 and 143. Additionally, Defendant may not call witnesses at trial. In all other respects, the First Motion in Limine is DENIED.

2. Plaintiffs' Second Motion In Limine [DE-86] is ALLOWED. The court finds that the principles of issue preclusion apply, inasmuch as the Bankruptcy Court ruled that Plaintiffs did not have a claim against HySky, and that Defendant Highland, as sole equity owner of HySky, had control over that litigation. As discussed at the hearing, however, Defendant may cross-examine Plaintiff Patrick Neighbors about representations he made to the Bankruptcy Court.

3. Plaintiffs' Third Motion in Limine [DE-87] is DENIED as moot.

The court makes the following rulings regarding the admissibility of exhibits:

1. Defendant's objections to Plaintiffs' Exhibits #2-3 are OVERRULED as moot because Plaintiff has withdrawn those exhibits.

2. Defendant's objection to Exhibit #6 is OVERRULED.

3. Defendant's objection to Exhibit #7 is OVERRULED.

4. Defendant's objection to Exhibit #8 is OVERRULED.

5. Defendant's objection to Exhibit #9 is OVERRULED.

6. Defendant's objection to Exhibit #10 is OVERRULED.

7. Defendant's objection to Exhibit #13 is OVERRULED.

8. Defendant's objection to Exhibit #14 is OVERRULED.

9. Defendant's objections to Exhibits #17-19 are OVERRULED as moot, because Plaintiff has withdrawn those exhibits. As discussed at the hearing, however, Defendant may offer these exhibits at trial. Defendant should change the exhibit number designations to reflect that they are now Defendant's exhibits.

10. Defendant's objection to Exhibit #26 is OVERRULED.

11. Defendant's objections to Exhibits # 28-35 are SUSTAINED.

12. Defendant's objection to Exhibit # 47 is OVERRULED.

13. Defendant's objection to Exhibit # 50 is SUSTAINED.

14. Defendant's objection to Exhibit #51 is SUSTAINED.

15. Defendant's objection to Exhibit #52 is SUSTAINED.

16. Defendant's objections to Exhibits #53-55 are OVERRULED, provided the parties redact the exhibits as discussed at the hearing.

17. Defendant's objection to Exhibit #56 is OVERRULED as moot because it is withdrawn.

18. Defendant's objection to Exhibit #57 is SUSTAINED as to the hearsay contained therein. The parties are ORDERED to redact the exhibit accordingly.

19. Defendant's objection to Exhibit #58 is SUSTAINED.

20. Defendant's objection to Exhibit #59 is SUSTAINED.

21. Defendant's objections to Exhibits # 60-63 are OVERRULED as moot.

22. Plaintiffs' objection to Exhibit #102 is SUSTAINED.

23. Plaintiffs' objection to Exhibit #106 is SUSTAINED.

24. Plaintiffs' objection to Exhibit #107 is OVERRULED.

25. Plaintiffs' objection to Exhibit #108 is OVERRULED.

26. Plaintiffs' objection to Exhibit #109 is OVERRULED.

27. Plaintiffs' objection to Exhibit #110 is OVERRULED.

28. Plaintiffs' objection to Exhibit #111 is SUSTAINED; however, Defendant may use the exhibit for impeachment purposes.

29. Plaintiffs' objection to Exhibit #112 is OVERRULED.

30. Plaintiffs' objection to Exhibit #113 is SUSTAINED.

31. Plaintiffs' objection to Exhibit #114 is SUSTAINED.

31. Plaintiffs' objection to Exhibit #118 is SUSTAINED; however, Defendant may use the exhibit for impeachment purposes.

3

32. Plaintiffs' objection to Exhibit #121 is WITHDRAWN.

33. Plaintiffs' objection to Exhibit #122 is OVERRULED as moot because Defendant has withdrawn the exhibit.

34. Plaintiffs' objections to Exhibits # 123-125 are SUSTAINED; Defendant may use these exhibits for impeachment purposes.

35. Plaintiffs' objections to Exhibits #145-146 are OVERRULED.

36. Plaintiffs' objection to Exhibit #129 is SUSTAINED.

37. Plaintiffs' objection to Exhibit #134, raised for the first time in the hearing, is OVERRULED.

38. Plaintiffs' objection to Exhibit #135 is SUSTAINED.

39. Plaintiffs' objection to Exhibit #138 is SUSTAINED.

40. Plaintiffs' objection to Exhibit #139 is OVERRULED.

41. Plaintiffs' objection to Exhibit #140 is SUSTAINED.

42. Plaintiffs' objection to Exhbit #141 is SUSTAINED.

43. Plaintiffs' objection to Exhibit #143 is SUSTAINED.

44. Plaintiffs' objections to Exhibits #147-152 are OVERRULED.

With regard to the *de bene esse* deposition of Niles K. Chura, the parties agree that the entire deposition will be introduce at trial, with the exception of the excerpts at Page 88, Line 4 through Page 92, Line 12 and Page 111, Line 17 through Page 112, Line 18, which are EXCLUDED. As discussed at the hearing, pursuant to Federal Rule of Evidence 611(a) and (c), both parties' objections to leading questions are OVERRULED.

Additionally, at the hearing Plaintiffs indicated that they are no longer pursuing the

Fourth, Fifth, and Eleventh Causes of Actions, nor are they pursuing any attempt to pierce the corporate veil of HySky. Those claims are therefore DISMISSED.

SO ORDERED. This the 4th day of March, 2011.

*James C. Fox*
James C. Fox
Senior United States District Judge