UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-352-F

| | | |
|---|---|---|
| THE NEIGHBORS LAW FIRM, P.C. <br> and PATRICK E. NEIGHBORS, <br><br> Plaintiffs, <br><br> v. <br><br> HIGHLAND CAPITAL MANAGEMENT, L.P. <br> and HYSKY COMMUNICATIONS, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | ORDER |

This order memorializes and clarifies the ruling made in open court on Defendant Highland Capital Management, L.P.'s Motion to Reconsider [DE-102].

In the motion, Highland noted that the court ruled on March 3, 2011, that Highland could not present any trial witness based on its failure to serve Rule 26(a)(1) initial disclosures. Highland urges the court to reconsider the decision, and specifically offers that it will make two of the witnesses, Clay Callan and Isaac Leventon, available for deposition prior to trial.

Rule 26(a)(1)(A) sets forth the required initial disclosures in discovery:

(A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
(ii) a copy–or description by category and location–of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claim or defenses, unless the use would be solely for impeachment [.]

FED.R.CIV.P. 26(a)(1)(A).

If party fails to make a disclosure or cooperate in discovery, the opposing may file a motion to compel disclosure or discovery, or seek sanctions under Rule 37. Additionally, Rule 37(c)(1) provides the following:

> ***Failure to Disclose or Supplement.*** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(iv).

FED. R. CIV. P. 37(C)(1).

The Fourth Circuit Court of Appeals has observed:

> The Rule 37(c) advisory committee notes emphasize that the "automatic sanction" of the exclusion "provides a strong inducement of disclosure of material that the disclosing party would expect to use as evidence." FED. R. CIV. P. 37(c) advisory committee note (1993). The alternative sanctions referenced in the rule are primarily intended to apply when a party fails to disclose evidence helpful to an *opposing* party. *See* 7 James Wm. Moore et al, *Moore's Federal Practice* §§ 37.60[2][b], 37.61 (3d ed. 2002). This is because "[p]reclusion of evidence is not an effective incentive to compel disclosure of information that, being supportive of the position of the opposing party, might advantageously be concealed by the disclosing party." FED. R. CIV. P. 37(c) advisory committee note (1993).

*S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 n.2 (4th Cir. 2003).

Thus, the basic purpose of Rule 37(c)(1) is to prevent "surprise and prejudice to the opposing party." *Id.* at 596. The rule "does not require a finding of bad faith or callous disregard of the

discovery rules" in order for evidence to be excluded. Indeed, the burden is on the nondisclosing party to show harmlessness or substantial justification. *Id.*

"[I]n exercising its broad discretion to determine to determine whether a nondislcosure of evidence is substantially justified or harmless" a district court should weigh the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which the allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Id.* at 597. The first four factors "relate mainly to the harmlessness exception" while the fifth factor "relates primarily to the substantial justification exception." *Id.*

In this case, Highland argues that the harmlessness exception allows for Clay Callan and Isaac Leventon to be called at trial. With regard to the first factor, Highland maintains that affidavits of both Callan and Leventon–which Plaintiffs characterize as "slim"–were offered in opposition to Plaintiffs' Motion for Summary Judgment, well before the parties' own deadline for providing initial disclosures. Highland maintains that this alone gave notice that Callan and Leventon were potential witnesses. Highland also represented in open court that Plaintiffs themselves listed Callan in their initial disclosures as an individual likely to have discoverable information.

With regard to the second factor, Highland appears to recognize that some prejudice may result to Plaintiffs if Callan and Leventon are allowed to be called as witnesses. To cure this prejudice, Highland offers to make these individuals available for deposition this week. Highland implicitly argues that the third and fourth factors, when considered in light of its

3

proposed solution, weigh in favor of allowing Callan and Leventon to testify. Namely, allowing the depositions this week will not disrupt the trial of this matter, and it will in turn allow the jury to consider Highland's evidence in this case.

Under the unique circumstances of this case, and after considering the factors relating to "harmlessness," the court concludes that Highland has met its burden of establishing harmlessness with regard to its failure to name Leventon and Callan in its initial disclosures. The court agrees that Plaintiffs had some notice that Leventon and Callan would be called as witnesses in this case, well before initial disclosures were due. Plaintiffs cannot claim that calling these witnesses comes as a total surprise. What weighed most heavily in this court's initial decision, however, was Plaintiff's inability to cure the somewhat small surprise that may have resulted from Highland calling Leventon and Callan as witnesses. Discovery had closed in this case, thus seemingly foreclosing Plaintiffs' opportunity to depose these witnesses. With Highland now stipulating that these witnesses may be deposed this week prior to trial, the court finds–under the unique circumstances of this case–that any prejudice to Plaintiffs may be cured.

Accordingly, Highland's Motion to Reconsider [DE-102] is ALLOWED, on the following terms:

1. Highland shall make Leventon and Callan available to Plaintiffs *immediately* for their depositions.

2. Highland is responsible for arranging, prior to the deposition, for the preparation and receipt by Plaintiffs of the final version of the transcript of each witness' deposition within 24 hours after the completion of that witness' deposition. Highland also must arrange for real-time transcription of the depositions.

4

3. Highland is responsible for the costs arising from both depositions.

4. Both Clay Callan and Isaac Leventon are allowed to testify at the trial of this matter. Mr. Leventon, however, may no longer appear as counsel in this case.

It is further ORDERED the trial in this matter shall begin on Monday, March 14, 2011, at 9 a.m., in Wilmington, North Carolina.

SO ORDERED. This the 7th day of March, 2011.

*James C. Fox*
James C. Fox
Senior United States District Judge

5

Case 5:09-cv-00352-F   Document 103   Filed 03/07/11   Page 5 of 5